Julie THOMAS, Plaintiff–Appellant,

v.

COMPUTAX CORPORATION, Defendant–Appellee.

No. 78–2742.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 1980.

Decided Oct. 27, 1980.

**140**

Julie Thomas, pro. per.

Felice R. Cutler, Cutler & Cutler, Los Angeles, Cal., for defendant–appellee.

Before WALLACE and SCHROEDER, Circuit Judges, and CORDOVA *, District Judge.

* Honorable Valdemar A. Cordova, United States District Judge, District of Arizona, sitting by designation.

CORDOVA, District Judge:

Julie Thomas (Thomas) brought an action under 42 U.S.C. § 2000e–5(f), alleging that Computax Corporation (Computax) discriminated on the basis of sex in hiring a personnel representative. After trial to the Court, judgment was entered in favor of Computax. Thomas appealed *pro se*.

### FACTS

In 1972, Computax advertised that it was seeking a personnel representative. The advertisement stated that Computax pre-ferred applicants with an advanced degree in psychology and who had experience performing the tasks of a personnel officer. Thomas applied for the position, enclosing a resume which did not communicate her employment history; it did not list the names of prior employers, the type of business conducted by them, or the time periods of such employment.

Computax received 68 or 73 resumes from applicants for the position. Three females were included in the final 5 or 6 applicants who were invited to interview. Thomas was not one of those invited to interview, and Computax hired a man for the position.

Thomas maintains that one week after sending Computax her resume she spoke with Carl Kundman, Computax' manager of personnel administration. She contends that in this way she orally supplied the information missing from her resume. Kundman stated by disposition that he does not recall such a conversation.

Thomas filed a complaint with the California Fair Employment Practice Commission. The Commission found in favor of Computax in that Computax' failure to interview Thomas was justified and not discriminatory. Thomas also filed a charge with the Equal Employment Opportunity Commission (EEOC) in August of 1972. In May of 1976, the EEOC found Computax had engaged in an unlawful employment practice. The EEOC noted that one of the

three women interviewed by Computax, Dàrlene Long, had stated that she was told (in her interview) that it had been decided that a man should be hired for the advertised position. Long also told the EEOC she had been offered a secretarial position. After conciliation efforts failed, the EEOC issued a "notice of right to sue" to Thomas.

Thomas brought an action against Computax in July of 1977 under 42 U.S.C. § 2000e–5(f). After trial to the Court, the District Court rendered judgment in favor of Computax, finding that Computax rejected Thomas because of her inadequate resume, and not because of her sex. The Court discredited Thomas' testimony that she had supplied the information missing from her resume to Computax by telephone. It also discredited the testimony of Miss Long. Thomas appeals.

On appeal, Thomas maintains that the evidence before the trial court was insufficient to support the findings and judgment. Thomas did not include in the record a transcript of all evidence relevant to that conclusion. The reason advanced for such failure is that she is unable to pay for the same.

## THE REQUIREMENT OF A TRANSCRIPT

■ At the time Thomas filed the appeal, Rule 10(b), Federal Rules of Appellate Procedure provided in pertinent part:

"Within ten days after filing the notice of appeal the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record. If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.[1]

Thomas has failed to designate and prepare as part of the record on appeal the witness' testimony relevant to her conten-

tion that the evidence was insufficient to support the trial court's finding and judgment. She has therefore failed to comply with the requirements of Rule 10(b) relevant to that contention.

■ When an appellate attacks a District Court's findings on appeal, he or she must include in the record all of the evidence on which the District Court might have based its findings. *Watson v. Button,* 235 F.2d 235, 238 (9th Cir. 1956). While a failure to comply with this requirement does not affect the validity of the appeal, a failure by the appellant to order the necessary parts of the record within 10 days after the filing of a notice of appeal constitutes a failure to take a "step" in the procedure of appeal after filing notice of appeal within the meaning of Rule 3(a), Federal Rules of Appellate Procedure. Therefore, noncompliance with Rule 10(b) may serve as the basis for "such action as the Court of Appeals deems appropriate, which may include dismissal of the appeal." See Rule 3(a), F.R. App.P. Indeed, this Court, as well as others, have held that if an appellant fails to comply with Rule 10(b), or its predecessor Rule 75(d) of the Federal Rules of Civil Procedure, the contentions of appellant should not be considered. *Jensen v. United States,* 326 F.2d 891, 893 (9th Cir. 1964). (Affirming the trial court's judgment and quoting *Watson v. Button,* 235 F.2d at 237); *Herron v. Rozelle,* 480 F.2d 282, 288 (10th Cir. 1973) (Court declined to review the issue of damages in action for destruction of timber and affirmed the trial court's ruling where *pro se* appellant failed to prepare transcript of all evidence bearing on the issue).

## UNAVAILABILITY OF THE TRANSCRIPT

■ Appellant contends, however, that because she was unable to bear the costs of obtaining a transcript of the proceedings the transcript was "unavailable" within the

---

1. The 1979 amendments to Rule 10(b), Federal Rules of Appellate Procedure do not materially affect this requirement.

meaning of Rule 10(c), F.R.App.P.[2] The question to be addressed by the Court then is whether the statement by appellant that she is unable to afford the costs of a transcript makes the same "unavailable" within the meaning of Rule 10(c).

Those cases which have discussed the issue have found Rule 10(c) and its predecessors, Rule 75(c) and 75(n) of the Federal Rules of Civil Procedure, to be available only in situations where a report of the proceedings was physically unobtainable.[3]

This conclusion is borne out by the Courts' application of Civil Rules 75(n) and 75(c) and present Appellate Rule 10(c). The stated purpose of original Civil Rule 75(n), forerunner of present Rule 10(b), F.R. App.P., was to provide a "method whereby a record may be prepared in the perhaps rare case where there is no reporter present at all and no stenographic report is made of the proceedings." See Committee Note of 1945 to Added Subdivision (n). But neither Rule 75(n) nor its successor Rule 75(c) are restricted by their terms to situations where a reporter is not present during the proceedings and the courts have found these rules to be applicable in a variety of situations where parts of the record were absent from the reporter's transcript. Thus, in *Illinois Central Railroad Company v. Riley*, 392 F.2d 787 (6th Cir. 1968), the Court held that the plaintiffs should not have filed a motion for a new trial where the court reporter had failed to record the court's instructions given to the jury in open court, but rather, proper recourse was had to Rule 75(c). Similarly, in *Kayo Oil Co. v. Sammons*, 321 F.2d 729 (5th Cir. 1963), the Court applied Rule 75(n) where the reporter failed to record the arguments of counsel.

Rule 75(n) (now Appellate Rule 10(c)), has not only been applied by the courts to those situations where the reporter failed for some reason to record portions of the proceedings, but has also been applied to situations where, for instance, the reporter's recording discs had been melted (*Murphy v. St. Paul Fire & Marine Insurance Co.*, 314 F.2d 30 (5th Cir.) cert. denied 375 U.S. 906, 84 S.Ct. 197, 11 L.Ed.2d 146 (1963)), and where the court reporter had failed to transcribe the recorded testimony before leaving the employ of the court (*Hydromotive Manufacturing Corp. v. SEC*, 355 F.2d 179 (10th Cir. 1966)).

The conclusion that Rule 10(c) is available to an appellant only in those situations where the record of the trial court proceedings is physically unobtainable is further compelled by the fact that Congress has made other provisions for those who would otherwise be unable to comply with Rule 10(b) due to an inability to bear the burden of paying for a transcript. While we do not pass upon how successful she might have been, Thomas could have requested authorization from the District Court to proceed on appeal in forma pauperis and obtained a transcript at no personal expense under 28

---

**2.** *Statement of the Evidence or Proceedings When no Report Was Made or When the Transcript is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and *as settled and approved shall be included by* the clerk of the district court in the record on appeal.

**3.** The Committee Notes of the Federal Rules of Appellate Procedure indicate that certain of the provisions of the Appellate Rules are derived from Rules 75 and 76 of the Federal Rules of Civil Procedure. We acknowledge the relevancy of the decisions interpreting the language of *the former rules* to the interpretation of the same language in the Appellate Rules:

Rule 75(n), as amended in 1946, read in relevant part:

"In the event no stenographic report of the evidence or proceedings at a hearing or trial was made, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection, for use instead of a stenographic transcript."

Rule 75(c) amended Rule 75(n) by adding "or if a transcript is unavailable."

U.S.C. § 1915,[4] or applied for, and in the Court's discretion might have received a transcript at Government's expense pursuant to 28 U.S.C. § 753(f).[5] Thomas failed, however, to proceed in this manner.

## CONCLUSION

Inasmuch as Appellant has failed to include in the record a transcript of all evidence relevant to her claim that the trial court's finding and judgment is unsupported by the evidence, she has failed to comply with Rule 10(b) of the Federal Rules of Appellate Procedure. Her claim that the transcript is unavailable because of her alleged inability to pay for the same is not supported by law, reason or logic. A transcript is unavailable within the meaning of Rule 10(c) of the Appellate Rules when the transcript is physically unobtainable.

Appellant Thomas has not complied with Rule 10(b), Federal Rules of Appellate Procedure, and noncompliance therewith is not excusable on the grounds asserted by her. The appeal is dismissed.

---

4.  28 U.S.C. § 1915 reads as follows, in pertinent part:

    (a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

    (b) Upon the filing of an affidavit in accordance with subsection (a) of this section, the court may direct payment by the United States

of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; * * But see *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963) (whether to grant leave to proceed in forma pauperis is "within the discretion of the trial court").

5.  28 U.S.C. § 753(f) reads in relevant part as follows:

    ... Fees for transcript furnished in ... proceedings (other than those for relief under section 2255) to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).