978 F.2d 715
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allan MILLER, Plaintiff-Appellant,
v.
Pamela ILES; South Orange County SML, Defendants-Appellees.
 Nos. 91-55510, 91-55734.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allan Miller appeals pro se the district court's summary judgment for two Orange County, California, municipal court judges, and directed verdict for a deputy marshal in his 42 U.S.C. § 1983 action. Miller also appeals pro se the district court's award of attorneys' fees and sanctions to the defendants under 42 U.S.C. § 1988 and Fed.R.Civ.P. 11. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
 
 
 3
 * Background
 
 
 4
 Miller's section 1983 action arises out of a judgment entered against him in a small claims action he filed in Orange County in October 1986. Miller filed a motion seeking review of the small claims judgment. Judge Pamela Iles of the Orange County Municipal Court denied the motion and sanctioned Miller for filing a frivolous motion. Miller failed to pay the sanctions and Judge Iles set a contempt hearing on Miller's failure to pay. Miller filed a motion seeking to dismiss the contempt hearing and disqualify Judge Iles. This motion was transferred to Orange County Municipal Court Judge Blair Barnette. Judge Barnette denied the motion and ordered Miller to appear before Judge Iles for the contempt hearing. When Miller failed to appear, Judge Iles issued a bench warrant and Miller was arrested by Deputy Marshals Don Maderios and Rudy Burbank to appear for the contempt hearing.
 
 
 5
 Miller filed the present action on April 21, 1988 seeking damages and injunctive relief from Burbank, Maderios and Judge Iles for alleged violations of his constitutional rights. Miller filed a separate action against Judge Barnette raising the same claims. The district court granted summary judgment for Judges Iles and Barnette in each action. At the trial on Miller's claims against Maderios, the court granted Maderios' motion for a directed verdict at the close of Miller's case. Miller's claims against Burbank were submitted to a jury which returned a verdict for Burbank on all of Miller's claims.
 
 
 6
 Defendants Iles, Burbank and Maderios moved for attorneys' fees and sanctions against Miller under 42 U.S.C. § 1988, 28 U.S.C. § 1927, and Fed.R.Civ.P. 11. After a hearing on the matter, the district court awarded defendants their attorneys' fees and costs.
 
 II
 Standard of Review
 
 7
 "This court reviews a grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the correct substantive law." Americana Trading Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992). The district court's award of attorneys' fees under 42 U.S.C. § 1988 is generally reviewed for an abuse of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992).
 
 III
 Merits
 A. Defendant Judge Iles
 
 8
 In his complaint, Miller alleges that Judge Iles' actions were in clear absence of all jurisdiction and that she acted maliciously in depriving him of his civil rights, due process of law, and equal protection.
 
 
 9
 It is well established that "[j]udges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Immunity attaches even if the acts were in error or were performed maliciously. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Immunity does not attach, however, if a judge acts in the clear absence of all jurisdiction or performs an act which is not judicial in nature. Ashelman, 793 F.2d at 1075.
 
 
 10
 Here, Judge Iles, in her capacity as a municipal court judge, first imposed sanctions, and then issued a bench warrant for Miller's arrest when he failed to appear at a contempt hearing on his failure to pay the sanctions. Miller offers no evidence to indicate that these actions were either taken in the clear absence of all jurisdiction or were not judicial in nature. See id. Furthermore, even if Judge Iles' actions were motivated by malice, she is nonetheless entitled to immunity from liability for those actions. See Stump, 435 U.S. at 356-57.
 
 B. Defendant Judge Barnette
 
 11
 The district court's order granting summary judgment for Judge Barnette was filed on December 27, 1989. Miller's action against Judge Barnette was filed separately from his action against Judge Iles and Deputy Marshal Maderios, and the two actions were never consolidated. Miller did not file his notice of appeal from the December 27, 1989 order until April 12, 1991. Because Miller's notice of appeal was filed more than 60 days after entry of judgment, it was untimely under Fed.R.App.P. 4(a). Compliance with the 60-day time limit is mandatory and jurisdictional. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). "Failure to timely file a notice of appeal must result in dismissal for lack of appellate jurisdiction." Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Accordingly, Miller's appeal from the district court's summary judgment for Judge Barnette is dismissed. See id.
 
 C. Defendant Deputy Marshal Maderios
 
 12
 Miller appeals the district court's directed verdict for Maderios on Miller's claim for deliberate indifference to his serious medical needs following his arrest. Miller has, however, failed to supply this court with the trial transcript. If an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Portland Feminist Women's Health Ctr. v. Advocates for Life, 877 F.2d 787, 789 (9th Cir.1989); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to provide transcript); see Fed.R.App.P. 10(b)(2). Without a transcript of the trial proceedings, we cannot review Miller's claims of error. Accordingly, we decline to consider Miller's appeal from the directed verdict for Maderios. See Syncom Capital Corp., 924 F.2d at 169.
 
 D. Attorneys' Fees
 
 13
 Miller contends that the district court erred by awarding defendants Iles, Burbank, and Maderios their attorneys' fees and costs. The district court awarded defendants $21,803.47 in attorneys' fees, and $1,094.47 in costs upon finding that Miller's action was not sufficiently grounded in law or fact and that the action was objectively unreasonable. Defendants also request an award of attorneys' fees and costs on appeal.
 
 
 14
 Under 42 U.S.C. § 1988, a court has discretion to award attorneys' fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is frivolous, unreasonable, or without foundation. Miller v. Los Angeles Cty. Bd. of Ed., 827 F.2d 617, 619 (9th Cir.1987) (citing Hughes v. Rowe, 449 U.S. 5, 14 (1980)). An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989). This standard is interpreted narrowly in cases involving pro se plaintiffs. Miller, 827 F.2d at 620. In any event, a court should award attorneys' fees to defendants under section 1988 only in exceptional circumstances. Mitchell v. Los Angeles Comm. College Dist., 861 F.2d 198, 202 (9th Cir.1988), cert. denied, 490 U.S. 1081 (1989).
 
 
 15
 Here, Miller's claims against Judge Iles were frivolous because they clearly lacked an arguable basis in law. Thus, the district court did not abuse its discretion by awarding attorneys' fees based on these claims. See Miller, 827 F.2d at 619. Furthermore, although Miller's claims against Burbank and Maderios proceeded to trial, we cannot say based on the limited record before us that the district court abused its discretion by awarding attorneys' fees based on these claims. See id. at 619-20. Finally, we decline to award defendants their attorneys' fees and costs on appeal.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order granting summary judgment for Judge Iles was filed on December 16, 1988. Miller filed a notice of appeal from this judgment on January 4, 1989. This court subsequently issued an order to show cause why the the appeal should not be dismissed for lack of jurisdiction because the judgment did not adjudicate Miller's claims against the remaining parties in his amended complaint, and there was no Fed.R.Civ.P. 54(b) certification by the district court. Miller failed to respond and the appeal was dismissed for failure to prosecute. A final judgment in Miller's action was filed on March 22, 1991. Miller timely filed the present appeal from that judgment on April 12, 1991