9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Kay CORONEL, Plaintiff-Appellant,
v.
STATE OF HAWAII, et al., Defendants-Appellees.
 No. 92-16587.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Kay Coronel, a Hawaii state prisoner, appeals pro se and in forma pauperis the district court's judgment after a bench trial in favor of the defendants in his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We dismiss the appeal for Coronel's failure to provide the trial transcript as required by Fed.R.App.P. 10(b)(2).
 
 
 3
 Coronel sought redress for the alleged violation of his first amendment right to attend Sunday night Mormon religious services. Coronel is classified a "close custody" inmate, meaning he is prohibited by prison regulation from leaving his module at night. He challenges the district court's findings upholding the prison regulation, and several of the court's evidentiary rulings. He also claims he was given insufficient time to prepare for trial.
 
 
 4
 Fed.R.App.P. 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such findings or conclusion." Failure to comply with the rule warrants dismissal of the appeal when the appellant seeks review of factual findings. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir.1980). The primary question in this appeal, whether a prison regulation impermissibly inhibits an inmate's first amendment rights, is a mixed question of law and fact. Friedman v. State of Arizona, 912 F.2d 328, 331 (9th Cir.1990), cert. denied, 498 U.S. 1100 (1991).
 
 
 5
 The district court found as matters of law and fact that: (1) the prison regulation has a logical connection to the legitimate government interest in maintaining prison security; (2) Coronel has alternative means of practicing the Mormon religion available to him; (3) accommodation of Coronel's asserted right to attend nighttime services would be detrimental to the prison staff, resources, and other inmates; and (4) there are no ready alternatives that fully accommodate Coronel's rights at de minimis cost to the valid penological interest in maintaining prison security. See Turner v. Safley, 482 U.S. 78, 89-90 (1987); Friedman, 912 F.2d at 331. With the exception of the first factor, which was determined on partial summary judgment, the findings were based on the testimony of witnesses at trial. Without the trial transcript, we cannot review these findings. See Syncom Capital Corp., 924 F.2d at 169; Thomas, 631 F.2d at 141.
 
 
 6
 In addition, Coronel challenges the court's allowance of testimony concerning his criminal record and non-member status in the Mormon church, and the court's disallowance or disregard of evidence that prison personnel have allowed close custody inmates out of their modules at night, and discouraged inmates from practicing the Mormon religion. We cannot review these evidentiary rulings without the trial transcript. See Syncom Capital Corp., 924 F.2d at 169; Thomas, 631 F.2d at 141. Moreover, the court specifically stated that it did not consider Coronel's criminal record or non-member status in making its findings. In these circumstances, Coronel has failed to show how he was prejudiced by the admission of this evidence.
 
 
 7
 Coronel's contention that he was given insufficient time to prepare for trial is also unreviewable. Without the transcript, we cannot determine whether Coronel presented the issue below and demonstrated that a continuance was warranted. See Syncom Capital Corp., 924 F.2d at 169; Thomas, 631 F.2d at 141.
 
 The appeal is accordingly
 DISMISSED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because he has not shown that the appeal presents a substantial question, we deny Coronel's request in his reply brief for court-ordered transcript preparation. See 28 U.S.C. § 753(f)