12 F.3d 1111
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ludwig VON DER LUHE, Plaintiff-Appellant,
v.
Terrence GOLDEN; United States General Services
Administration, Defendants-Appellees.
 No. 92-56361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ludwig Von Der Luhe appeals pro se the district court's judgment, after a bench trial, in favor of the General Services Administration and GSA Administrator Terence Golden (collectively "GSA"), on Von Der Luhe's claim that the GSA terminated his employment because of his national origin and a speech impediment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 If an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. Ctr. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to provide a transcript); see Fed.R.App.P. 10(b)(2).
 
 
 4
 Here, this court granted Von Der Luhe leave to proceed in forma pauperis but he did not seek certification from the district court requiring the government to pay for the necessary transcription. See 28 U.S.C. Sec. 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984) (pro se litigant proceeding in forma pauperis is entitled to production of transcript at government expense if district court certifies that the appeal is not frivolous). Von Der Luhe failed to file the transcript order form as directed by this court. As a result, no transcript of the proceedings exists.
 
 
 5
 Without trial transcripts, we are unable to review Von Der Luhe's claim that the district court clearly erred by finding that his termination was not due to his national origin, accent, speech impediment, or reprisal. We are also unable to review his claim that the district court improperly admitted into evidence certain documents from his personnel file, because we do not know whether Von Der Luhe objected to the admission of those documents. Accordingly, we decline to review both Von Der Luhe' evidentiary objection and his substantive argument. See Syncom, 924 F.2d at 169.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we are unable to to review Von Der Luhe's claims, the GSA's motion to file a late brief is denied as moot