19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sammie KELLEY, Jr., Plaintiff/Appellant,
v.
Michael P. LANE, et al., Defendants/Appellees.
 No. 92-1923.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 7, 1994.*
Decided March 10, 1994.
 
 Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Sammie Kelley, Jr., previously an inmate at Illinois' Menard Correctional Center, filed an action pursuant to 42 U.S.C. Sec. 1983, claiming that the defendants (state prison officials and Menard prison administrators) have refused to provide him with adequate medical treatment for his chronic foot problems. This court previously reversed the grant of summary judgment in favor of the defendants, see Kelley v. McGinnis, 899 F.2d 612 (7th Cir.1990) (finding that Kelley was not given proper notice of the district court's conversion of the defendant's motions to dismiss into motions for summary judgment), and remanded for trial. Pursuant to 28 U.S.C. Sec. 636(c)(3) both parties consented to trial by a United States Magistrate Judge. Judgment was rendered in favor of all defendants.
 
 
 2
 Essentially, Kelley raises two arguments: (1) that his court-appointed attorney rendered ineffective assistance by "stubbornly refus[ing] to take any depositions from the defendants prior to plaintiff's trial date, ... [or] make any effort to subpoena any medical Orthopedic Specialist ..." and, (2) that the judgment entered in favor of the defendants is contrary to the evidence.[1] First, Kelley has no constitutional right to assistance of counsel in a civil matter, Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir.1984). Like any civil litigant, Kelley must seek his remedy against his attorney in a separate suit for legal malpractice.
 
 
 3
 Second, we would review the trial court's ruling and findings of fact for clear error, Furth v. Inc. Publishing Corp., 823 F.2d 1178, 1180 (7th Cir.1987), Mucha v. King, 792 F.2d 602, 605 (7th Cir.1986), however, the absence of a trial transcript precludes any meaningful review. Contrary to Kelley's assertion, Rule 10(b) of the Federal Rules of Appellate Procedure requires the appellant to bear the responsibility of transmitting the relevant portions of the trial transcript to the reviewing court. Rule 11(b), requiring the reporter to prepare and file the transcript upon request, does not shift this responsibility. See Fed.R.App.P. 10(b), 11(b).
 
 
 4
 Traditionally, this court has required strict compliance with Rule 10(b), see Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990) (court may review only if raised issues are purely legal); see also Woods v. Thieret, 5 F.3d 244 (7th Cir.1992), Fisher v. Krajewski, 873 F.2d 1057, 1069 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990), and indigence is not an excuse. See 28 U.S.C. Sec. 753(f); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.), cert. denied, 498 U.S. 901 (1990); Thomas v. Computax, 631 F.2d 139, 142 (9th Cir.1980). Kelley has failed to submit any part of the transcript of the lower court proceedings and failed to make an application to the district court to pay for the transcripts.
 
 
 5
 Kelley argues that Rule 10(c) allows him to proceed without a transcript by providing the court with a statement of his recollection of the evidence. In fact, Rule 10(c) allows such a statement only if no report of the trial proceedings was originally made or if the transcript is unavailable, meaning physically unobtainable. see Richardson, 902 F.2d at 416; Thomas, 631 F.2d at 142. Kelley cannot claim that the transcripts are unavailable where he has failed even to ascertain that fact by filing the appropriate transcript order form, see Seventh Circuit Rule 10(c). Accordingly, because, absent a transcript, no meaningful review is possible, the appeal is dismissed pursuant to Fed.R.App.P. 3(a) for failure to comply with Fed.R.App.P. 10(b).
 
 
 6
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Kelley has filed such a statement. After considering that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs
 
 
 [1]
 Kelley raises a miscellany of claims, largely nonsensical. For instance, Kelley argues that the court should not have taken him to trial after he prevailed against the defendant's summary judgment motion. (Appellant's Brief at 6). Further, he argues that it was erroneous for the court to grant the defendants qualified immunity since they were sued in their individual capacity. Id. at 9. The magistrate judge's order, however, makes no mention whatsoever of qualified immunity