21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Joseph GANT, Plaintiff/Appellant,
v.
Anthony McCUBBIN,** Defendant/Appellee.
 No. 92-2646.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1994.*
Decided March 30, 1994.
 
 Before POSNER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Gant, previously an inmate at the East Moline Correctional Center, appeals the judgment on partial findings granted to defendant Anthony McCubbin pursuant to Fed.R.Civ.P. 52(c).[1] At the close of Gant's case-in-chief in a bench trial, the court found that Gant failed to show a right to relief under 42 U.S.C. Sec. 1983 with respect to his claim that McCubbin failed to protect Gant from a brutal attack by three other inmates. Gant challenges this finding and also argues that he was denied effective assistance of counsel at trial.
 
 
 2
 The Sixth Amendment guarantee of effective assistance of counsel is not applicable in civil cases. While there may be a limited due process right to counsel in narrow circumstances, see Lassiter v. Department of Social Servs., 452 U.S. 18 (1981) (parental status termination proceeding); In re Gault, 387 U.S. 1 (1967) (juvenile delinquency, commitment proceeding), in general the Supreme Court has recognized only a right to retained, not appointed, counsel in civil proceedings. Walters v. National Ass'n of Radiation Survivors, 473 U.S. 305 (1985); Powell v. Alabama, 287 U.S. 45, 69 (1932). Since Gant has no constitutional right to have counsel appointed, it follows that he had no constitutional right to effective assistance of counsel. See Barkauskas v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991); Lewis v. Lane, 816 F.2d 1165, 1169 n. 6 (7th Cir.1987); Wolfolk v. Rivera, 729 F.2d 1114, 1119-20 (7th Cir.1984). Like any civil litigant, Gant may seek a remedy against his attorney in a separate suit for malpractice.
 
 
 3
 We are required to review the district court's ruling for clear error. Furth v. Inc. Publishing Corp., 823 F.2d 1178, 1180 (7th Cir.1987); Sanders v. General Service Admin., 707 F.2d 969 (7th Cir.1983) (findings of fact made by the district court when granting a Rule 41(b) motion, pursuant to Rule 52(a), are reviewed for clear error). However, we are unable to do so because Gant has failed to provide this court with transcripts of the trial. The district court's order granting the defendant's motion for judgment on partial findings, made at the close of Gant's case-in-chief, states that Gant failed to show a right to relief with respect to his claim that McCubbin failed to protect Gant. The order states that the district court's ruling is "based upon the findings of fact and conclusions of law set out in the record of the bench trial."
 
 
 4
 Traditionally, this court has required strict compliance with Federal Rule of Appellate Procedure 10(b), see Wilson v. Electro Marine Systems, Inc., 915 F.2d 1110, 1117 (7th Cir.1990) (court may review only if raised issues are purely legal); see also Woods v. Thieret, 5 F.3d 244 (7th Cir.1992), Fisher v. Krajewski, 873 F.2d 1057, 1069 (7th Cir.1989), cert. denied, 493 U.S. 1020 (1990), and indigence is not an excuse. See 28 U.S.C. Sec. 753(f); Richardson v. Henry, 902 F.2d 414, 416 (5th Cir.), cert. denied, 498 U.S. 901 (1990); Thomas v. Computax, 631 F.2d 139, 142 (9th Cir.1980). Gant has failed to submit any part of the transcript of the lower court proceedings and failed to make an application to the district court to pay for the transcripts. Accordingly, because no meaningful review is possible without a transcript, the appeal is dismissed pursuant to Fed.R.App.P. 3(a) for failure to comply with Fed.R.App.P. 10(b).
 
 
 5
 DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 **
 This suit was originally filed against Richard Gramley, Warden, Gary Christopherson, Major, Joseph Galassi, Transfer Coordinator, and Anthony McCubbin, Correctional Officer, all prison officials. The district court granted summary judgment in favor of all defendants except McCubbin. Gant appeals only from the subsequent bench trial order granting McCubbin's motion of judgment on partial findings
 
 
 [1]
 The district court correctly treated McCubbin's motion to dismiss on the ground that Plaintiff's evidence is legally insufficient, brought under Fed.R.Civ.P. 41(b), as a motion for judgment on partial findings as provided in Rule 52(c). See Fed.R.Civ.P. 41., Advisory Committee's Note and Fed.R.Civ.P. 52, Advisory Committee's Note