43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon KIDD, Jr., Plaintiff-Appellant,
v.
KAY AUTOMOTIVE DISTRIBUTORS, INC., Defendant-Appellee.
 No. 94-55530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Kidd, Jr. appeals pro se the district court's judgment following a jury verdict for the defendant in Kidd's race discrimination action. We have jurisdiction under 28 U.S.C. Sec. 1291, and we dismiss.
 
 
 3
 On appeal, Kidd challenges the district court's evidentiary rulings on a number of his proposed exhibits, which were not admitted into evidence. Kidd failed, however, to supply this court with the trial transcript in which the district court considered the defendant's objections to Kidd's exhibits and made its ruling. If an appellant fails to supply a transcript of the relevant portions of a district court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam) (dismissing pro se appellant's appeal for failure to provide transcript); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980); see Fed.R.App.P. 10(b)(2). Without a transcript of the trial proceedings, we cannot review Kidd's claims of error. Accordingly, we dismiss Kidd's appeal. See Wade, 924 F.2d at 169.[1]
 
 DISMISSED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kidd also contends that the district court erred by denying Kidd's motion to sanction defendant for alleged discovery violations. Here, we agree with the district court that Kidd did not show that defendant failed to cooperate reasonably in discovery. See Wanderer v. Johnston, 910 F.2d 652, 655 (9th Cir.1990) (although district courts have considerable discretion to impose sanctions, "Rule 37 sanctions are intended to punish evasion of pretrial discovery")
 
 
 [2]
 Appellee's request for judicial notice is denied