108 F.3d 1385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald W. MEADE, Plaintiff-Appellant,
v.
LOS ANGELES COUNTY; Los Angeles County Sheriff; Sherman T.
Block, Sheriff; Brad Welker, Defendants-Appellees.
 No. 95-56709.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 13, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald W. Meade, a retired Los Angeles police sergeant, appeals pro se the district court's denial of his post-trial motions following a jury verdict in favor of defendants in his 42 U.S.C. § 1983 action alleging that police officers used excessive force when they arrested him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal for Meade's failure to comply with Fed.R.App.P. 10(b)(2).
 
 
 3
 "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such a finding or conclusion." Fed.R.App.P. 10(b)(2). Based upon this rule, we have held that an appellant's failure to provide the relevant transcript portions may require dismissal of the appeal. See Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam); accord Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989); Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir.1980).
 
 
 4
 On appeal, Meade contends that he did show that defendants clearly used unnecessary force when arresting him. Meade further contends that counsel for the defendants withheld evidence and suborned perjury during the course of the trial. In addition, Meade challenges several of the district court's evidentiary rulings and conclusions of law. Meade contends that because of these "irregularities" the district court's orders denying Meade's motion for a new trial, or his renewed motion for judgment as a matter of law, should be reversed.
 
 
 5
 A renewed motion for a judgment as a matter of law is proper when the evidence permits only one reasonable conclusion as to the verdict, and that conclusion is contrary to the jury's. See Acosta v. City & County of San Francisco, 83 F.3d 1143, 1145 (9th Cir.), cert. denied, 117 S.Ct. 514 (1996). Thus, the resolution of this contention involves the examination of the evidence proffered at trial. Meade, however, declined to designate trial transcripts on appeal and did not provide this court with any portion of the trial transcript. Without the transcript, we cannot determine what evidence was presented at trial.
 
 
 6
 Similarly, without the transcript we cannot determine on what basis the district court denied Meade's motion for a new trial. We cannot meaningfully review the district court's decisions without a record of the proceedings below. Accordingly, we dismiss Meade's appeal for failure to comply with Fed.R.App.P. 10(b)(2). See Wade, 924 F.2d at 170; Computax, 631 F.2d at 143.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3