**Kam SANTOS, Plaintiff—Appellant,**

v.

**Daryl GATES; et al., Defendants,**

and

**James Lee, LAPD Officer,
Defendant—Appellee.**

No. 04–56216.

D.C. No. CV–98–04113–FMC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Yagman, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff—Appellant.

Craig J. Miller, for Defendant—Appellee.

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Kam Santos appeals pro se the district court's judgment in favor of Los Angeles Police Department Officer James Lee following a jury trial in Santos' action alleging excessive use of force. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal for Santos' failure to provide a transcript.

Santos contends that the jury's finding was unsupported by the evidence and that the trial was tainted by judicial bias, jury bias, and ineffective assistance of counsel, but he did not provide a transcript of the proceedings as required by Fed. R.App. P. 10(b)(2). Without a trial transcript and supporting affidavits we are unable to review Santos' contentions, and we dismiss the appeal. *See Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991).

In his reply brief Santos contends that because the district court denied his motion to proceed in forma pauperis, the transcript was "unavailable" to him and he should be able to provide a substitute statement of the proceedings under Fed. R.App. P. 10(c). Even if not waived, this contention lacks merit because the transcript was not "physically unobtainable" and was therefore not "unavailable." *Thomas v. Computax Corp.,* 631 F.2d 139, 143 (9th Cir.1980). Further, the district court did not abuse its discretion when it denied Santos' motion seeking production of transcripts at government expense, because Santos made only conclusory statements about the issues he would raise on appeal. *See McKinney v. Anderson,* 924 F.2d 1500, 1511–12 (9th Cir. 1991), *overruled on other grounds by Hell-*

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*ing v. McKinney,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991).

**DISMISSED.**