**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. THOMPSON, | No. 08-16227 |
| Plaintiff - Appellant, | D.C. No. 1:04-cv-06554-SMS |
| v. | |
| C O MORALES, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Sandra M. Snyder, Magistrate Judge, Presiding

Submitted June 8, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Plaintiff-appellant James L. Thompson ("Thompson") appeals pro se from a

jury verdict in favor of the five California correctional officers (the "officers").

Thompson sued the officers under § 1983 and several state law provisions, alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that the officers, among other things, used excessive force against him and engaged in retaliatory acts. On appeal, Thompson appears to challenge several of the district court's procedural decisions. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

**I**

We review all of the issues in this appeal for an abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (discovery rulings); *Tritchler v. County of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004) (evidentiary decisions); *Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1358 (9th Cir. 1998) (litigation management); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (appointment of counsel).

**II**

The district court properly exercised its discretion by denying Thompson's motion for an extension of time to file for summary judgment. *See Muckleshoot Tribe*, 141 F.3d at 1358. His motion was filed approximately seven months after the deadline for dispositive motions had expired. .

The district court again properly exercised its discretion by denying Thompson's motion for appointment of counsel. Thompson failed to demonstrate

that he was likely to succeed on the merits and that the complexity of his case surpassed his ability to articulate his claims. *See Wilborn*, 789 F.2d at 1331.

The district court also properly exercised its discretion by denying Thompson's motion to compel the production of certain documents. Thompson fails to show on appeal that the denial of discovery of these particular documents resulted in actual and substantial prejudice to him. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Thompson entirely fails to show that the district court abused its discretion as to any of its decisions during the jury trial. *See Thomas v. Computax Corp.*, 631 F.2d 139, 143 (9th Cir. 1980).

Thompson's remaining contentions are without merit.

**AFFIRMED.**