**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE LUIS HERNANDEZ,

Defendant - Appellant.

No. 12-50276

D.C. No. 3:10-cr-03173-H-3

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: McKEOWN, GOULD, and BYBEE, Circuit Judges.

Jose Luis Hernandez appeals his conviction and sentence for conspiracy to

possess with the intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1), 846,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conspiracy to affect commerce by robbery or extortion, 18 U.S.C. § 1951(a),

possession of a firearm in furtherance of a crime of violence or drug trafficking

offense, *id.* § 924(c)(1)(A)(i), and possession of a firearm by an illegal alien. *Id.*

§§ 922(g)(5)(A), 924(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291,

and we affirm.

First, Hernandez argues that the district court plainly erred by failing to give

three jury instructions.[1] We disagree. The district court correctly decided not to

give Hernandez's proffered willfulness instruction because willfulness is not an

element of any of the offenses for which he was charged. Hernandez did not

request the other two instructions, and the district court did not plainly err by not

giving them sua sponte.

Second, Hernandez contends that his counsel was ineffective for failing to

request the jury instructions discussed above. We review ineffective assistance

---

[1] Hernandez's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing several grounds for appeal including (i) the failure to give three jury instructions; (ii) sentencing entrapment; and (iii) challenges to the sufficiency of the evidence. Hernandez filed a pro se response to counsel's brief explaining that the failure to give the jury instructions and the sentencing entrapment arguments are not frivolous and arguing that counsel was ineffective. Hernandez also filed a supplemental brief arguing that his conviction was in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). We deemed Hernandez's response to counsel's brief the opening brief and the supplemental brief as a supplement to the reply brief.

claims on direct appeal only if the record is sufficiently developed or the defendant's legal representation is glaringly inadequate. *United States v. Mayweather*, 634 F.3d 498, 507 (9th Cir. 2010). Neither exception applies here, so we need not consider Hernandez's claim. He may raise this claim in any post-conviction proceedings.

Third, Hernandez argues that the verdict in his case ran afoul of *Apprendi* and *Alleyne* because the type and amount of narcotics that were the object of the charged conspiracy are sentencing factors that must be resolved by a jury. *See Alleyne v. United States*, 133 S. Ct. 2151 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Here, in contrast, the narcotics determination was fixed before it reached the jury because the government set the fictitious amount of drugs as part of the sting. We review unpreserved *Apprendi* errors for plain error. *United States v. Ameline*, 409 F.3d 1073, 1078-79 (9th Cir. 2005) (en banc).

Hernandez is correct that a jury must determine the type and quantity of narcotics involved in the offense if the drug type and/or quantity increases the statutorily prescribed minimum or maximum sentence. *United States v. Cortes*, 732 F.3d 1078, 1088, 1090-91 (9th Cir. 2013) (discussing *Apprendi* and *Alleyne*). Recently, we explained that "any *defenses* to those drug types and quantities," including sentencing entrapment, "must be submitted to the jury" if the proffered

3

defense potentially changes the statutory maximum or minimum sentences. *Id.* at 1088 (emphasis in original).  Here, the evidence did not raise the possibility of a different sentencing range because Hernandez's theory of defense—that he wanted counterfeit clothing, not drugs—did not include any argument or evidence that he sought a different type or quantity of contraband.

Fourth, Hernandez argues that the crime of violence enhancement violates *Alleyne* because it was not charged in the original indictment and jurors did not have the opportunity to review the original indictment.  This argument lacks merit because Hernandez did not provide a copy of the original indictment in the record. *See* Fed. R. App. P. 10(b); *Thomas v. Computax Corp.*, 631 F.2d 139, 141 (9th Cir. 1980).  Nevertheless, even if the original indictment did not include a crime of violence charge, the jury instructions listed the allegations in the superseding indictment, (including possession of a firearm in furtherance of a crime of violence), the elements of the offense, and the legal meaning of possession.  Thus, the grand jury and trial jury properly determined whether Hernandez was guilty of possessing a firearm during a crime of violence.

Fifth, Hernandez argues that the district court should have granted his motion for a finding of sentencing entrapment.  We review the district court's decision to reject a sentencing entrapment argument for abuse of discretion, *United*

4

*States v. Yuman-Hernandez*, 712 F.3d 471, 473 (9th Cir. 2013), keeping in mind the risk of law enforcement inflating the amount of fictitious drugs in a stash house sting to obtain higher mandatory sentences. *United States v. Briggs*, 623 F.3d 724, 729-30 (9th Cir. 2010).

To establish sentencing entrapment in a stash house case, the defendant must prove, by a preponderance of the evidence, that he either lacked the intent *or* lacked the capability to "conspire with others to take the amount of cocaine involved by force." *Yuman-Hernandez*, 712 F.3d at 473-75. Hernandez does not meet his burden of proof because video and audio evidence showed that he enthusiastically assisted with the plan to rob the fictitious cocaine stash house without further inducement from the government. *See Black v. United States*, 733 F.3d 294, 311 (9th Cir. 2013) ("[I]n this case, the existence of tape and video recordings to prove what was actually said and done has weighed heavily in our review of the record."). Furthermore, Hernandez was capable of conspiring to obtain thirty kilograms of cocaine. His theory of defense was that he did not want *any* cocaine, not some lesser amount of cocaine, and the jury rejected this defense. Thus, the district court did not abuse its discretion by denying the motion for a finding of sentencing entrapment.

Sixth, Hernandez makes a variety of arguments that we construe as a challenge to the sufficiency of the evidence. "Evidence is sufficient to support a conviction unless, viewing the evidence in the light most favorable to sustaining the verdict, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Overton*, 573 F.3d 679, 685 (9th Cir. 2009). Here, the evidence of guilt was overwhelming: every part of the undercover operation, including Hernandez's statement in the squad car, was recorded on video and/or audio; the undercover agent and confidential informant testified; and several law enforcement officers discussed the operation and the evidence they collected after arresting Hernandez.

Accordingly, the judgment is **AFFIRMED.**