PORTLAND FEMINIST WOMEN'S HEALTH CENTER; Leila Whittemore; Geri Craig; Amy Aycrigg, Plaintiffs–Appellees,

v.

ADVOCATES FOR LIFE, INC., et al., Defendants,

and

Ivars Bitans; Roger Fleming, Defendants–Appellants.

No. 87–4115.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1989.

Decided June 12, 1989.

---

Ivars Bitans, Roger Fleming, Portland, Or., pro per.

Stephen S. Walters, Barbara L. Nay, Stoel, Rives, Boley, Jones & Grey, Portland, Or., for plaintiffs-appellees.

Before TANG, BOOCHEVER and KOZINSKI, Circuit Judges.

BOOCHEVER, Circuit Judge:

Ivars Bitans and Roger Fleming appeal pro se a district court order finding them in contempt for disobeying a preliminary injunction. In the action underlying the injunction the Portland Feminist Women's Health Center (Center), a non-profit corporation which provides medical services including abortions, sued right-to-life advocates who regularly demonstrated outside the Center. The complaint alleged, among other things, a conspiracy to prevent the exercise of federal constitutional rights.

On June 9, 1986 the district court granted the Center's motion for a preliminary injunction. The injunction prohibited the obstruction of passage of people in and out of the center; demonstration within a certain zone in front of the Center; shouting, screaming and chanting; producing noise which substantially interfered with the provision of medical services in the center; trespassing; damaging Center property; and interfering with the Center's receipt of public utility services. With a slight modification which provided that shouting, screaming and chanting were only prohibited if they substantially interfered with the provision of medical services within the Center, this court rejected the defendants' constitutional challenges to the injunction. *See Portland Feminist Women's Health Center v. Advocates for Life, Inc.,* 859 F.2d 681, 686–87 (9th Cir.1988).

Subsequently, the Center's counsel filed a motion for order to show cause why Bitans and Fleming should not be held in civil contempt for disobeying the injunction by acting in concert with the named defendants. The district court granted this motion. After a hearing the district court found that Bitans and Fleming, acting with knowledge of the injunction and in concert with the defendants in the action underlying the injunction, demonstrated in front of the Center in a manner that violated specif-

ic terms of the injunction. The court held Bitans and Fleming in contempt and imposed sanctions.

■ A contempt judgment against a nonparty in a pending suit is considered final. *David v. Hooker, Ltd.*, 560 F.2d 412, 415 (9th Cir.1977). Thus, we have jurisdiction pursuant to 28 U.S.C. section 1291. We affirm.

## DISCUSSION

### I. Validity of the Injunction

■ Bitans and Fleming attack the district court's contempt order by arguing that the injunction on which it is based is invalid. The validity of the June 9, 1986 preliminary injunction was appealed to this court by the defendants in the action underlying the injunction. *See Portland Feminist Women's Health Center*, 859 F.2d at 687. In that case we affirmed the injunction order. *Id.* at 687. We are not at liberty to reconsider the issues resolved in the earlier appeal. *See, e.g., California Dep't of Health Serv. v. Dep't of Health & Human Serv.*, 853 F.2d 634, 638 (9th Cir. 1988).

■ Bitans and Fleming raise one issue that was not considered in the prior decision of this court. They argue that the Tenth Amendment to the United States Constitution prohibits a federal court from enjoining an activity that is regulated by a state statute (i.e. Oregon's disorderly conduct statute). This argument is without merit. The plaintiffs stated a claim for relief under 42 U.S.C. sections 1985 and 1986. The defendants properly removed the case to federal court under 28 U.S.C. section 1441 because the district court had original jurisdiction under 28 U.S.C. section 1343. The Constitution extends the judicial power of the United States to all cases in law and equity arising under the Constitution and laws of the United States. U.S. Const. art. III, § 2. Because the jurisdiction of the district court is expressly provided for by the Constitution, it is not reserved to the states under the Tenth Amendment.

### II. The Contempt Order

Bitans and Fleming contend that because they were non-parties to the action underlying the injunction the district court erred in finding them in contempt. Federal Rule of Civil Procedure 65(d) provides that injunctions are binding on persons who receive actual notice of the injunction order and act in concert or participate with the parties named in the injunction. The district court found that Bitans and Fleming violated the preliminary injunction by acting in concert with the defendants named in the injunction order, and that Bitans and Fleming possessed actual knowledge of the injunction before they violated it.

■ The appellants argue that based on the evidence produced at the contempt hearing, the trial court erred in finding that they acted in concert with the named defendants and had actual knowledge of the injunction. Federal Rule of Appellate Procedure 10(b)(2) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such a finding or conclusion." *Id.* Since Bitans and Fleming did not include in the record before us a transcript of the contempt hearing, we cannot review the district court's findings of fact as to whether Bitans and Fleming acted in concert with the named defendants and had knowledge of the injunction. *See Southwest Adm'rs., Inc. v. Lopez*, 781 F.2d 1378, 1380 (9th Cir.1986). When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument. *See Thomas v. Computax Corp.*, 631 F.2d 139, 143 (9th Cir.1980) (dismissing appellant's pro se appeal when she failed to include in the record a transcript to support her claim that the trial court's finding and judgment was unsupported by the evidence); *see also Jensen v. United States*, 326 F.2d 891, 893 (9th Cir.1964) (refusing to consider the appellant's assertion that the district court's findings of fact were clearly erroneous). Accordingly, we decline to consider wheth-

er the district court erred in finding that Bitans and Fleming acted in concert with the named defendants and possessed knowledge of the preliminary injunction.

## III. The Sanctions

Finally, Bitans and Fleming argue that the district court erred in allowing the attorney for the Portland Feminist Women's Health Center to prosecute the contempt proceeding because under *Young v. United States ex rel. Vuitton et Fils, S.A.*, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987), the defendants in contempt proceedings are entitled to an independent prosecutor.

Bitans' and Fleming's reliance on *Young* is misplaced because *Young* applies only to criminal contempt proceedings. Bitans and Fleming were held in civil contempt. The district court characterized the contempt as civil. The district court's characterization is not determinative, but it is one factor. *United States v. Powers*, 629 F.2d 619, 626 (9th Cir.1980). To determine whether a contempt order is civil or criminal we look to its purpose. If its purpose is to punish a past violation of a court order the contempt is criminal. If its purpose is remedial, i.e. to compensate for the costs of the contemptuous conduct or to coerce future compliance with the court's order, the contempt order is civil. *See, e.g, Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 108 S.Ct. 1423, 1429, 99 L.Ed.2d 721 (1988); *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir.1985); *Powers*, 629 F.2d at 627. If the sanction is a fine payable to the court, it is remedial if the defendant can avoid paying the fine by performing the act required by the court's order. *Feiock*, 108 S.Ct. at 1429-30.

In this case the district court imposed two types of sanctions against Bitans and Fleming. First, it held them jointly and severally liable (along with three others who are not parties to this appeal) for the plaintiffs' costs of bringing the contempt proceeding, including reasonable attorney's fees. This was a remedial sanction. *See Perry*, 759 F.2d at 705. Second, it imposed a fine of $500 on each of them, suspended on the condition of future compliance with the June 9, 1986 injunction. This was also remedial, since the defendants can avoid paying the fine by complying with the order. *See Scott and Fetzer Co. v. Dile*, 643 F.2d 670, 675 (9th Cir.1981) (contempt order civil in nature where court suspended fine of $500, payable to court upon the next violation by contemnor). Significantly, they were not placed on probation. *See Feiock*, 108 S.Ct. at 1429-30. Because Bitans and Fleming were not held in criminal contempt, they were not entitled to an impartial prosecutor.

AFFIRMED.