974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ras Adisa Gamba OLUWA, Plaintiff-Appellant,
v.
Doc SMITH, et al. Defendants-Appellees.
 No. 91-16006.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 1, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ras Adisa Gamba Oluwa, a California state prisoner, appeals pro se the district court's judgment following a jury verdict in favor of the defendants in his 42 U.S.C. § 1983 action. Oluwa contends that it was a miscarriage of justice for the jury to determine that the defendants did not subject Oluwa to cruel and unusual punishment and excessive force in violation of his eighth amendment rights. Because Oluwa has not provided a transcript for appellate review, we dismiss his appeal.
 
 
 3
 "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." Fed.R.App.P. 10(b)(2). "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989) (citations omitted). An appellant's inability to afford the costs of a transcript does not excuse his or her failure to supply the transcript, as required by Fed.R.App.P. 10(b)(2). See Thomas v. Computax Corp., 631 F.2d 139, 142-43 (9th Cir.1980) (holding that the appellant's inability to afford the costs of a transcript does not make the transcript "unavailable" within the meaning of Fed.R.App.P. 10(c)).
 
 
 4
 Here, Oluwa requested that the district court grant his motion for the production of trial transcripts at the court's expense under 28 U.S.C. § 753(f).[1] The district court denied Oluwa's motion on the ground that the court had not certified that Oluwa's appeal was not frivolous. The resolution of this case on the merits involves issues of fact mixed with issues of law. The factual and legal determinations are so interrelated that we cannot meaningfully review the district court decision without a record of proceedings below. Accordingly, we conclude that Oluwa's failure to provide a trial transcript mandates that we dismiss this appeal for violation of Fed.R.App.P. 10(b)(2).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Oluwa's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The pertinent part of section 753(f) states: "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f)