976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry WILSON, Plaintiff-Appellant,
v.
Dave SMITH, Defendant,
and
Roger Jacobs; Lt. Rowell, Defendants-Appellees.
 No. 91-16414.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Wilson, a Nevada state prisoner, appeals pro se the district court's judgment after a bench trial in favor of defendant prison officials in Wilson's 42 U.S.C. § 1983 action. Wilson alleged that defendant prison officials used excessive force in violation of the eighth amendment when they physically removed him from a classification hearing and returned him to his cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 Defendants contend that we should dismiss this appeal because Wilson has failed to provide this court with the trial transcript. If an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Portland Feminist Women's Health Ctr. v. Advocates for Life, 877 F.2d 787, 789 (9th Cir.1989); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to provide transcript); see Fed.R.App.P. 10(b)(2). A pro se litigant proceeding in forma pauperis is entitled to production of a transcript at government expense if the district court certifies that the appeal is not frivolous but presents a substantial question. 28 U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984).
 
 
 4
 Here, Wilson was granted in forma pauperis status in the district court and on appeal. Pursuant to a motion filed by defendants, the district court certified that Wilson's appeal was not taken in good faith. On the transcript designation form, Wilson indicated that he did not intend to designate the transcript for appeal. We decline to dismiss this appeal because of Wilson's failure to provide us with the trial transcript. Nevertheless, we will address only those issues which are reviewable without the transcript. See Portland Feminist Women's Health Ctr., 877 F.2d at 789.
 
 
 5
 On appeal, Wilson contends the district court erred by denying his discovery motion. We review the district court's ruling on a discovery request for abuse of discretion. United States v. Long, 715 F.2d 1364, 1367 (9th Cir.1983). Wilson contends that he was prejudiced when defendants refused to provide the prison segregation log book as an exhibit at trial after agreeing to provide it in the pretrial order. Apparently, Wilson made an oral motion for production of the log book at trial, which was granted. Because we do not have the transcript, we cannot determine if or why the log book was not produced. See Portland Feminist Women's Health Ctr., 877 F.2d at 789. Further, Wilson has not shown how the failure to produce the log book prejudiced him. See Long, 715 F.2d at 1367. Thus, Wilson has failed to show that denial of his discovery request constituted an abuse of discretion. See id.
 
 
 6
 Wilson also contends that the district court erred by failing to rule on his motion for entry of default. The district court record, however, indicates that the court denied this motion. Further, at the time Wilson moved for default, defendants' time to answer Wilson's complaint had not expired. See Fed.R.Civ.P. 12(a), 55(a). Accordingly, the district court did not abuse its discretion by denying Wilson's motion for entry of default. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3