5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Arthur G. WILLIAMS, Jr., Plaintiff-Appellant,
v.
PIMA COUNTY BOARD OF SUPERVISORS, et al., Defendants-Appellees.
 No. 92-15663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur G. Williams, Jr. appeals pro se the district court's judgment, following bench trial, in favor of defendants Pima County Board of Supervisors, et al. ("Pima County"), in his race and gender discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. Williams contends that the district court erred by denying his discovery motions, striking witnesses from his witness list, and admitting certain evidence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Discovery Motions
 
 
 4
 Williams contends that the district court erred by-denying his discovery requests for production of presentence reports prepared by him in 1975, for typewritten transcription of handwritten notes in his personnel file, and for depositions of his co-workers. His arguments lack merit.
 
 
 5
 We review for abuse of discretion the district court's denial of motions to compel discovery. Herring v. Delta Airlines, Inc., 894 F.2d 1020, 1021 (9th Cir.1989), cert. denied, 494 U.S. 1016 (1990).
 
 
 6
 Here, the district court denied the motion to produce certain presentence reports prepared by Williams in 1975 as "unduly burdensome" and noted that these reports were available to Williams as public records in Arizona's state courts. The district also denied Williams' motion to direct Pima County to typewrite and deliver to him the "24 allegations of poor judgment" contained in his personnel file because the handwriting in the file was legible and Pima County had made the file available for inspection. Finally, the district court took no action concerning Williams' request to take depositions of witnesses but stated in its minute order that no judicial action was necessary for Williams to take the depositions and directed both parties to make " 'sincere efforts' " to resolve any discovery disputes before making discovery motions.
 
 
 7
 Because the district court ascertained that Williams was afforded reasonable means of discovery, we hold that the district court did not abuse its discretion by denying Williams' discovery motions. See id.
 
 II
 Witness List
 
 8
 Williams contends that the district court erred by refusing to allow him to supplement his witness list so that he could call additional co-workers to testify. This argument lacks merit.
 
 
 9
 We review the district court's refusal to amend the parties' pretrial order for an abuse of discretion. Miller v. Safeco Title Ins. Co., 758 F.2d 364, 369 (9th Cir.1985).
 
 
 10
 Here, the district court originally set a witness list deadline of August 24, 1990, and Williams properly submitted his witness list on August 16, 1990. On July 1, 1991, Williams submitted his proposed pretrial order with the witness list which included 38 people. At a pretrial conference on September 9, 1991, the district court urged Williams to pare down his list of witnesses. On November 6, 1991, less than a month before the scheduled trial date, Williams reduced the witness list to 24 names but included in this number 7 new witnesses. Williams did not provide any explanation for his late disclosure of the new witnesses. Finding that Williams was merely conducting a "fishing expedition" and no good cause for the inclusion of the new witnesses, the district court struck the 7 newly named witnesses from the list.
 
 
 11
 In light of the late disclosure of new witnesses less than a month before the scheduled trial date, we hold that the district court did not abuse its discretion by refusing to allow Williams to amend the pretrial order by adding 7 new names to the witness list. See Miller, 758 F.2d at 369; United States v. First Nat. Bank of Circle, 652 F.2d 882, 887 (9th Cir.1981) (impact of modification of pretrial order on the efficient conduct of the case is a factor for district court to consider).
 
 III
 Evidentiary Objections
 
 12
 Finally, Williams contends the district court erred by admitting written evidence concerning his employment which allegedly was created one to two years after he was terminated. Williams appears to be making a hearsay objection to the admission of the evidence. The government contends that review of this issue is barred by Williams' failure to obtain a transcript of the trial proceedings. We agree with the government.
 
 
 13
 If an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. Ctr. v. Wade, 924 F.2d 167, 169 (9th Cir.1991); Portland Feminist Women's Health Ctr. v. Advocates for Life, 877 F.2d 787, 789-90 (9th Cir.1989); Thomas v. Computax Corp., 631 F.2d 139, 141-42 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to provide a transcript); see Fed.R.App.P. 10(b)(2).
 
 
 14
 Here, Williams was proceeding in forma pauperis but he did not seek certification from the district court in order for the government to pay for the transcription. See 28 U.S.C. Sec. 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir.1984) (pro se litigant proceeding in forma pauperis is entitled to production of transcript at government expense if district court certifies that the appeal is not frivolous). Williams indicated on the transcript designation form that he intended to have transcripts prepared for the appeal, but payment was never made and no transcript of the proceedings exists as a result.
 
 
 15
 Without trial transcripts, we are unable to determine whether Williams timely objected to the admission of the evidence or whether Pima County laid a foundation for admission of the evidence under a hearsay exception. Accordingly, we decline to review Williams' evidentiary objection. See Portland Feminist Women's Health Ctr., 877 F.2d at 789-90.
 
 
 16
 Because the district court did not err by denying Williams' discovery motions and by refusing to permit the addition of 7 new witnesses to the witness list, we affirm the judgment.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3