15 F.3d 1087
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Joseph MADURO, Plaintiff-Appellant,
v.
Samuel K. SKINNER, Secretary, Department of Transportation,
Federal Aviation Administration, Defendant-Appellee.
 No. 93-55036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph Maduro appeals pro se the district court's judgment, following a bench trial, in favor of the Federal Aviation Administration (FAA) in his employment discrimination action under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Secs. 2000e et seq. (Title VII) and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA). Maduro alleged that the FAA's failure to hire him as a Civil Aviation Security Specialist reflected discrimination based upon his national origin, race, color and age. The district court concluded that the appellant was not entitled to a jury trial, that he had failed to make a prima facie case of color or age discrimination, and that the appellee had shown nondiscriminatory reasons for its hiring decision, which appellant failed to show were pretextual. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I Jury Trial
 
 3
 We review de novo a party's statutory entitlement to a jury trial in federal court. Standard Oil Co. of California v. Arizona, 738 F.2d 1021, 1022-23 (9th Cir.1984), cert. denied, 469 U.S. 1132 (1985). The Federal Rules of Civil Procedure provide that a party who fails to demand a jury trial in writing within ten days after the service of the last pleading waives his right to trial by jury. Fed.R.Civ.P. 38(b) and 38(d).
 
 
 4
 Maduro filed the instant suit on July 12, 1991. Appellee answered on October 4, 1991, denying the material allegations of Maduro's complaint. On November 1, 1991, Maduro filed a written demand for a jury trial. Six weeks later, appellee filed a "Notice of Motion to Strike Jury Trial Demand," which Maduro did not oppose. Maduro also failed to respond to appellee's "Notice of Non-Receipt of Plaintiff's Opposition To Motion to Strike Jury Trial Demand" filed on January 6, 1992. On January 13, 1992, after hearing argument from both parties, the district court granted appellee's motion to strike Maduro's demand for a jury trial.
 
 
 5
 Maduro argues on appeal that he was improperly denied his right to a jury trial. We disagree. By waiting 27 days after the defendant had answered his complaint before he formally demanded a jury trial, Maduro waived his right. The demand was untimely. Therefore, we uphold the district court's conclusion that Maduro was not entitled to a trial by jury. See Fed.R.Civ.P. 38(b) and 38(d).
 
 II Discrimination
 
 6
 "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." Portland Feminist Women's Health Center v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989). An appellant's failure in this respect "justifies summary affirmance of the district court's decision, pursuant to Fed.R.App.P. 10(b)(2)." Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991).
 
 
 7
 Following a bench trial where Maduro was represented by counsel, the district court ruled that Maduro had failed to make a prima facie case of color or age discrimination, and that the defendant had articulated legitimate reasons for its hiring decisions, which Maduro failed to show were pretextual. Appellant has not provided us with a transcript of the proceedings below.[1]
 
 
 8
 Without trial transcripts, we are unable to determine whether Maduro made a prima facie showing of discrimination or to review the district court's conclusion that the FAA failed to hire him because he was not qualified for the job. Accordingly, we decline to consider these questions, and we affirm the judgment. See Portland Feminist Women's Health Ctr., 877 F.2d at 789-90; Syncom Capital Corp., 924 F.2d at 169; Fed.R.App.P. 10(b)(2).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We find among the appellant's excerpts of record a document dated April 20, 1993, which appears to be a motion for transcripts at government request. The record reflects that no such document was ever filed with this court or in the district court