24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Michael S. WOLFE; Nancy L. Wolfe, Debtors.
Michael S. WOLFE, Appellant,
v.
Michael J. CONLAN; Mark Cohn, Appellees.
 No. 92-55357.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael S. Wolfe appeals pro se the Bankruptcy Appellate Panel's ("BAP") decision affirming the judgment of the bankruptcy court which excepted two debts from Wolfe's discharge in bankruptcy. We have jurisdiction under 28 U.S.C. Sec. 158(d). We review de novo, California Dep't of Health Servs. v. Jensen (In re Jensen), 995 F.2d 925, 927 (9th Cir.1993) (per curiam), and affirm.
 
 
 3
 Wolfe appealed to the BAP the bankruptcy court's judgment in an adversary proceeding finding Wolfe's debts to Michael Conlon and Mark Cohn nondischargeable as obtained by fraud. Wolfe, however, failed to file a transcript of the bankruptcy court's oral findings of fact and conclusions of law. The BAP concluded that, because Wolfe thus failed to provide an adequate record for review, it had no choice but to affirm.
 
 
 4
 Here, Wolfe again contends that the bankruptcy court erred by finding the debts nondischargeable because Wolfe had acted in bad faith or had committed fraud. We decline to consider this contention because Wolfe has failed to present this court with a proper record for review.
 
 
 5
 Fed.R.App.P. 10(b)(2) provides that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." If an appellant fails to supply a transcript of a lower court proceeding, we may dismiss the appeal or refuse to consider the appellant's argument. Syncom Capital Corp. v. Wade, 924 F.2d 167, 169 (9th Cir.1991) (per curiam); Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789-90 (9th Cir.1989). Rule 10(b)(2) applies in appeals before the BAP. See Fed.R.App.P. 1.
 
 
 6
 In this case, the bankruptcy court held a trial on the issue of the nondischargeability of Wolfe's debt to Conlon and Cohn. The court's findings and conclusions regarding Wolfe's alleged fraud apparently were stated on the record. Because the existence of fraud is a question of fact which is reviewed for clear error, see Moore v. Jogert, Inc. (In re Jogert, Inc.), 950 F.2d 1498, 1504-05 (9th Cir.1991), Wolfe's allegations of error regarding the bankruptcy court's findings depend for their resolution on an examination of the evidence elicited at trial. As before the BAP, however, Wolfe has failed to provide this court with a transcript detailing either the bankruptcy court's findings or the evidence presented at trial. We therefore decline to review Wolfe's allegations of error. See Fed.R.App.P. 10(b)(2); Syncom Capital Corp., 924 F.2d at 169.
 
 
 7
 Wolfe also contends that because he appeared pro se at the trial and did not defend himself adequately, he is now entitled to a new trial where he could be represented by counsel. This contention lacks merit.
 
 
 8
 There is "no authority supporting the existence of a constitutional right to counsel" in civil cases. Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980) (per curiam). Thus, the bankruptcy court did not err by refusing Wolfe's request for appointed counsel, and Wolfe is not entitled to a new trial on that basis. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellees' belated requests to delay proceedings in order to file response briefs to appellant's opening brief are denied