57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Amir PISHDAD; Amir's Professional Diving Service,
Plaintiffs-Appellants,
v.
Michael FAYE; New Zealand Challenge Limited; Mercury Bay
Boating Club; Bruce Farr; Rod Davis; Peter
Blake; Eldon Archer; Matthew
Montgomery; Craig Kells,
Defendants-Appellees.
 No. 94-55284.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1995.*
Decided June 13, 1995.
 
 Before: WALLACE, Chief Judge, KOZINSKI and RYMER, Circuit Judges.
 
 MEMORANDUM
 
 1
 Pishdad appeals pro se from the district court's judgment following a bench trial in favor of New Zealand Challenge, Inc., and its employees. Pishdad alleged that he was assaulted and battered when, while diving, his face mask was removed underwater, and when he was subsequently detained by New Zealand Challenge employees for diving in the vicinity of the New Zealand Challenge yacht, which was to be used in the America's Cup sailing competition. The employees detained Pishdad because they believed he was trying to photograph the keel design of the yacht, a trade secret. The district court concluded that the New Zealand Challenge employees' actions were justified, and also awarded defendants nominal damages on a counterclaim against Pishdad for trespassing. The district court had jurisdiction under 28 U.S.C. Secs. 1332, 1441. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 2
 On December 7, 1993, the day Pishdad's bench trial began, defendants submitted, along with their trial brief, proposed findings of fact and conclusions of law (proposed findings). These proposed findings were adopted by the district court. Pishdad contends that the judge signed these proposed findings before his bench trial on the merits had concluded on December 10, 1993, and therefore the decision against him was made before he had his day in court. Obviously, if a judge decides a case against a party before hearing any of the evidence, the decision would not comport with due process. But the record does not support Pishdad's claim. While it is true that the proposed findings have a clerk file stamp dated December 7, 1993, that shows only that they were filed on that day by the defendants. The document does not indicate what date the district judge signed it. However, the clerk's docket sheet shows they were entered December 13, 1993--after the conclusion of the trial. There is no indication that the district judge failed to consider the evidence presented at the trial. Pishdad's trial comported with due process.
 
 
 3
 Pishdad alleges several other errors which we cannot reach. He states that the district judge should not have excluded deposition testimony of his physician. He argues that there was no basis for the judge's conclusions that Pishdad's face mask was justifiably removed or that he had trespassed. Pishdad also argues that there was no basis for disbelieving his or his wife's testimony.
 
 
 4
 With respect to all of these issues, Pishdad failed to provide this court with a trial transcript or deposition transcript. Federal Rule of Appellate Procedure 10(b)(2) states: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion." See Fed.R.App.P. 10(b)(2). "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." Portland Feminist Women's Health Cntr. v. Advocates for Life, 877 F.2d 787, 789 (9th Cir.1989).
 
 
 5
 In this case, Pishdad did make a motion requesting this court to provide a trial transcript at the government's expense. That motion was denied. See No. 94-55284, Order denying appellant's motion for transcript at government's expense (Apr. 22, 1994). For over a year since, Pishdad has failed to obtain and provide this court with a trial transcript.
 
 
 6
 Without the trial transcript, we are unable to assess Pishdad's contentions regarding the trial judge's findings of fact and conclusions of law. We have no way of knowing if the facts presented at trial supported the judge's findings of fact and resultant conclusions that the defendants were justified in removing Pishdad's face mask and that Pishdad trespassed. We also have no evidence before us of what Pishdad's physician said in his deposition or how that testimony might have affected the trial proceedings. Finally, we have no indication of what Pishdad or his wife said during the trial, and therefore cannot assess any credibility determination by the district judge. Because Pishdad "has failed to designate and prepare as part of the record on appeal the witness' testimony relevant to [his] contention[s]" he has "therefore failed to comply with the requirement of Rule 10(b)." Thomas v. Computax Corp., 631 F.2d 139, 141 (9th Cir.1980) (dismissing pro se appellant's appeal for failure to comply with Rule 10(b)). He has thus not demonstrated reversible error.
 
 
 7
 AFFIRMED.
 
 
 8
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4