139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Earnest A. DARDEN, Plaintiff-Appellant,
v.
Berkeley City, Berkeley Police Department; Rodriguez,
Officer; Nelson, Officer; Agnew, Sgt.; Officer
Dvorak; Tak Jung, Officer, Defendants-Appellees.
 No. 96-16269.
D.C. No. CV-91-00066-DLJ.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 19, 1998.
 
 Appeal from the United States District Court for the Northern District of California D. Lowell Jensen, District Judge, Presiding.
 Before PREGERSON, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Earnest A. Darden appeals pro se the district court's judgment following a jury verdict in favor of City of Berkeley police officers in Darden's 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's evidentiary rulings for abuse of discretion. See Sloman v. Tadlock, 21 F.3d 1462, 1472 (9th Cir.1994). Because Mr. Jung did not reside in the United States, and his written statements were admissible, the district court did not abuse its discretion by admitting Jung's statements. See 28 U.S.C. § 1783(a); Fed.R.Evid. 804(b)(5). Because Darden failed to show that Mrs. Jung's hearsay statements were admissible, the district court did not abuse its discretion by excluding her statements. See Fed.R.Evid. 802. The district court did not abuse its discretion by excluding evidence of other complaints against Rodriguez. See Fed.R.Evid. 404(b), 406; Graham v. Connor, 490 U.S. 386, 387, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Finally, because the district court did not abuse its discretion by ordering subpoenas for only those witnesses whom Darden showed to be relevant, and Darden did not show prejudice, Darden's contention that the district court failed to assist him in subpoenaing witnesses lacks merit. See Fed.R.Evid. 103(a), 104(a), 401, 402, 403.
 
 
 4
 To analyze Darden's remaining contentions regarding the trial, we would need to review the trial transcripts. Because Darden has failed to produce the transcripts, we decline to consider the contentions.[1] See Fed. R.App. P. 10(b)(2); Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc., 877 F.2d 787, 789-90 (9th Cir.1989).
 
 
 5
 We deny Darden's requests for sanctions. We have reviewed Darden's remaining contentions and determine that they lack merit.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Darden's request for oral argument, and for en banc hearing
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Darden's motion for production of transcripts at government expense was denied by this court on October 11, 1996