**Joan GUNN, Plaintiff-Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CONSUMER AFFAIRS, Defendant-Appellee.**

No. 99-16072.
D.C. No. CV-96-1761-DFL.

, United States Court of Appeals, Ninth Circuit.

Submitted Feb. 12, 2001 [1].

Decided Feb. 21, 2001.

Before LEAVY, THOMAS, and RAWLINSON, Circuit Judges.

MEMORANDUM [2]

Joan Gunn appeals pro se the district court's judgment following a jury verdict in favor of her former employer, the California Department of Consumer Affairs, in her action alleging violations of the Ameri-

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

cans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12900–12996. We dismiss.

■ Appellee contends that Gunn's appeal should be dismissed for her failure to comply with Fed. R.App. P. 10(b)(2). We agree.

■ "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R.App. P. 10(b)(2). "When an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument." *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir.1989).

Gunn contends that the defendant did not provide evidence to support the jury's verdict, yet Gunn has failed to supply this court with a transcript of the relevant district court proceedings. Although appellee's answering brief notified Gunn of the possibility of dismissal due to our lack of a transcript, Gunn failed to address this issue in her reply brief.

Accordingly, we dismiss the appeal for failure to comply with Fed. R.App. P. 10(b)(2). *See Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir.1991) (per curiam).

DISMISSED.