**Daniel H. GOVIND, Plaintiff— Appellant,**

v.

**C. SIMS, Correctional Officer, Badge # 34433, Defendant—Appellee.**

No. 07–55496.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 27, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel H. Govind, San Diego, CA, pro se.

Terrence F. Sheehy, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Defendant–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Daniel H. Govind, a California state prisoner, appeals pro se from the district court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging that prison guards violated his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim and its grant of summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919, 923 (9th Cir.2001). We review for an abuse of discretion the district court's denial of a motion to amend the complaint, *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007), and the denial of a preliminary injunction, *Harris v. Board of Supervisors, L.A. County*, 366 F.3d 754, 760 (9th Cir. 2004). We affirm.

We affirm for the reasons stated in the district court's partial summary judgment order, entered July 21, 2006 in favor of defendant Sims, and partial dismissal order, entered August 2, 2006 in favor of defendant Adams.

■ Further, the district court did not abuse its discretion by denying Govind's motion to file a Second Amended Complaint because Govind had already been given the opportunity to cure the defects in his pleadings and had failed to do so. *See DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 n. 3 (9th Cir.1987) ("a district court's discretion over amendments is especially broad where the court has already given a plaintiff one or more opportunities to amend his complaint") (internal quotations omitted).

■ The district court did not abuse its discretion by denying Govind's motion for

a preliminary injunction because the district court did not have personal jurisdiction over the parties who allegedly subjected Govind to the threat of irreparable harm. *See Price v. City of Stockton,* 390 F.3d 1105, 1117 (9th Cir.2004) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Because Govind did not include a trial transcript in the record on appeal as required by Federal Rule of Appellate Procedure 10(b)(2), or explain his failure to do so, we do not consider his claims of error during the trial. *See* 9th Cir. R. 10–3.1(d) & (e); *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.,* 877 F.2d 787, 789 (9th Cir.1989) ("When an appellant fails to supply a transcript of a district court proceeding, we may ... refuse to consider the appellant's argument."); *see also Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir.1991) (dismissing appeal of pro se appellant who did not provide trial transcript).

Govind's remaining contentions are unpersuasive.

Govind's motion requesting that his "complaints" be granted is denied.

**AFFIRMED.**