**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH R. PULLIAM, | No. 13-17632 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-00964-MJS |
| v. | |
| M. LOZANO, C.O.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court**
for the Eastern District of California
Michael J. Seng, Magistrate Judge, Presiding

Submitted August 26, 2015***
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Joseph Pulliam, an inmate with the California Department of Corrections and

Rehabilitation, appeals pro se a jury verdict in favor of Officers Lozano and Mason

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   Tried by consent before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

\*\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(collectively, the "Defendants"), on his 42 U.S.C. § 1983 claim, alleging that the Defendants used excessive force against Pulliam when he resisted an order to move to a different cell. Pulliam contends that he is entitled to a new trial because the district court erroneously denied his requests for the appointment of counsel, failed to adequately address allegations of juror misconduct, gave a misleading jury instruction, and erroneously excluded a witness and a potential defendant. Because Pulliam failed to provide the trial transcript as required under Federal Rule of Appellate Procedure 10(b), we limit our review and address the issues raised to the extent possible without the transcript. *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. As a civil litigant in a § 1983 action, Pulliam does not have a constitutional right to appointed counsel, and the district court did not abuse its discretion in determining that Pulliam's case does not present "exceptional circumstances" that would warrant the appointment of counsel. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The record supports the district court's determination that, even assuming a likelihood of success, Pulliam was able to articulate his position considering the complexity of the issues involved. Indeed, Pulliam propounded comprehensive discovery requests and effectively defeated the

2

Defendants' motion for summary judgment, which involved analyzing several issues of law. The fact that a lawyer may have been better able to examine witnesses and present evidence at trial is insufficient to demonstrate the presence of "exceptional circumstances" in this case. *Cf. Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

2.     The district court similarly did not err in its response to allegations of potential juror misconduct. Upon receiving information that a juror may have discussed the contents of the trial with his wife, the district court had discretion to determine the proper course of action. *Hard v. Burlington N. R.R. Co.*, 870 F.2d 1454, 1462 (9th Cir. 1989). The district court acted within its discretion by questioning the juror's wife in open court, outside the presence of the jury, and we defer to its determination that no misconduct occurred. *See Rinker v. Napa Cnty.*, 724 F.2d 1352, 1354 (9th Cir. 1983); *see also United States v. Decoud*, 456 F.3d 996, 1017 n.9 (9th Cir. 2006).

3.     The jury instruction on the use of *de minimis* force accurately conveyed the law that the "Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force," *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992), such that not every "push or shove" amounts to a constitutional violation, *Wilkins v. Gaddy*, 559 U.S. 34, 38

(2010). When read in conjunction with the other instructions, the *de minimis* force instruction does not suggest that Pulliam was required to show significant injury. Accordingly, the district court did not err by giving the instruction as formulated. *See Harrington v. Scribner*, 785 F.3d 1299, 1304 (9th Cir. 2015).

4.     The district court denied Pulliam's request to compel the appearance of a fellow inmate as a witness at trial because Pulliam failed to demonstrate that the inmate possessed relevant, personal knowledge of the underlying events. Even assuming the district court's denial was erroneous, any such error was harmless, as Pulliam himself concedes that the inmate's testimony would have been cumulative to that of another witness that did testify at trial. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (reversible only if error "more probably than not" tainted verdict).

5.     Finally, the district court did not err by denying Pulliam's request to join Officer Gomez as a defendant. Pulliam's request was effectively a motion for leave to amend his complaint to add an additional party. The district court acted within its discretion by denying the request on the bases that Pulliam failed to make out a cognizable claim against Officer Gomez and joining Officer Gomez as a party would be prejudicial given the proximity to trial. *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1111 (9th Cir. 2012).

**AFFIRMED.**