**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIS C. McALLISTER, | No. 13-15631 |
| Plaintiff-Appellant, | D.C. No. 1:11-cv-00056-ACK-KSC |
| v. | |
| HAWAIIANA MANAGEMENT COMPANY, LTD.; AOAO ROYAL CAPITOL PLAZA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Willis C. McAllister appeals pro se from the district court's orders denying

his motions for relief from the judgment following a jury trial. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo the denial of a renewed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion for judgment as a matter of law, *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1068 (9th Cir. 2015), and for an abuse of discretion the denial of a motion for reconsideration, *Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1100 (9th Cir. 2006). We affirm.

The district court did not abuse its discretion in denying McAllister's requests for relief from the judgment because McAllister's contentions regarding vicarious liability and retaliation did not establish any basis for reconsideration or that he was entitled to judgment notwithstanding the verdict. *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct 2517, 2528 (2013) (discussing causation as a necessary element of any Title VII retaliation claim); *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2441-42 (2013) (discussing vicarious liability of employers in the Title VII context).

Because McAllister fails to argue how the district court erred in rejecting his contentions regarding joint employers and the continuing violation doctrine, these issues are waived. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief deemed abandoned).

We do not consider McAllister's remaining contentions because McAllister failed to produce transcripts on appeal. *See* Fed. R. App. P. 10(b)(2); *Portland Feminist Women's Health Ctr. v. Advocates for Life, Inc.*, 877 F.2d 787, 789-90

13-15631

(9th Cir. 1989) (declining to consider plaintiffs' argument where they failed to provide transcripts).

Defendants' motion to dismiss the appeal (Docket Entry No. 23) is denied. McAllister's motion to disqualify counsel (Docket Entry No. 24) is denied.

**AFFIRMED.**