
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, NA, FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing, LP, | No.  19-17080 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:16-cv-00726-RFB-EJY |
| v. | MEMORANDUM[*] |
| BRECKENRIDGE AT MOUNTAINS EDGE HOMEOWNERS ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC, | |
| Defendants, | |
| and | |
| TRP FUND IV LLC, | |
| Defendant-counter-claimant-3rd-party-plaintiff-Appellant, | |
| v. | |
| TEMICKA C. COOLEY, | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Third-party-defendant.

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted November 17, 2020[**]
Pasadena, California

Before: RAWLINSON, HUNSAKER, and VANDYKE, Circuit Judges.

In this quiet title action, Appellant TRP Fund IV, LLC (TRP) appeals the district court's grant of summary judgment in favor of Appellee Bank of America, N.A. (BANA). On October 23, 2020, we issued an order to show cause "as to why this appeal should not be dismissed pursuant to Federal Rule of Appellate Procedure 10(b)(2) because [TRP] failed to order and submit a transcript of the September 11, 2019, hearing, which served as the opinion and order of the district court in granting summary judgment in favor of Appellee." TRP responded that a transcript of the district court's decision was unnecessary because resolution of this appeal was limited to the district court's application of Nevada law and that TRP was not disputing the district court's factual findings. TRP maintains that the district court erroneously relied on *Bank of America, N.A. v. Thomas Jessup, LLC*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

*Series VII,* 435 P.3d 1217 (Nev. 2019) (*Jessup*), in holding that BANA's attempt to tender delinquent homeowner's association (HOA) assessments was legally sufficient to preserve BANA's deed of trust because the Nevada Supreme Court reconsidered *Jessup* in *Bank of America, N.A. v. Thomas Jessup, LLC Series VII*, 462 P.3d 255 (Nev. 2020) (en banc) (unpublished) (*Jessup II*).

Contrary to its assertions, TRP's failure to provide a transcript of the district court's decision impedes our review of the district court's grant of summary judgment. Without the benefit of the district court's decision, we are unable to fully ascertain the extent of the district court's reliance on *Jessup*, as well as any evidentiary support for the district court's ruling. Moreover, TRP does not cite to any case in which the Nevada Supreme Court or any other court has held that reliance on *Jessup* compels reversal as a matter of law. As a result, dismissal of TRP's appeal is warranted. *See Portland Feminist Women's Health Ctr. v. Advocs. for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989) (explaining that "[w]hen an appellant fails to supply a transcript of a district court proceeding, we may dismiss the appellant's appeal or refuse to consider the appellant's argument") (citations omitted).

Even if we were to rely solely on the record submitted by the parties, TRP fails to demonstrate that the district court erred as a matter of law in granting

summary judgment in favor of BANA. TRP maintains that the district court erred in holding that BANA's attempt to tender the delinquent assessments was legally sufficient to preserve BANA's deed of trust. However, the Nevada Supreme Court recognizes that, even without legally sufficient tender of delinquent assessments, a lender may "preserve[ ] its interest in the property" if any tender would have been futile. *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351-52 (Nev. 2020) (en banc); *see also CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1109 (9th Cir. 2020) (articulating that "*Jessup II* did not ultimately address the futility-of-tender issue, but the published opinion in *Perla Del Mar* did") (footnote reference omitted). In its denial of TRP's motion for reconsideration, the district court explained that "the Nevada Supreme Court's subsequent vacating of *Jessup* [did] not change [its] consideration of this case" because "the Nevada Supreme Court has continued to confirm that in cases where a court finds evidence that the HOA or HOA trustee has a policy of refusing to accept checks for the superpriority portion of the lien, tender can be excused on the basis of futility." Because TRP has declined to provide a transcript of the district court's decision ostensibly delineating the evidence upon which the district court relied, and TRP does not convincingly challenge the district court's ruling

4

concerning the futility of tender, we are unable to conclude that the district court erred as a matter of law in granting summary judgment.

**APPEAL DISMISSED.**