**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: ANIBAL MESALA SILVA, <br><br> Debtor, <br><br> ------------------------------ <br><br> ANIBAL MESALA SILVA, <br><br> Appellant, <br><br> v. <br><br> RIVERSIDE COUNTY TAX COLLECTOR; MIDFIRST BANK, A Federally Chartered Savings Association, <br><br> Appellees. | No.    21-60037 <br><br> BAP No. 20-1237 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Taylor, and Lafferty III, Bankruptcy Judges, Presiding

Submitted June 15, 2022[**]

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Chapter 13 debtor Anibal Mesala Silva appeals pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's orders denying his motion for sanctions and motion to vacate its order denying his motion for sanctions. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review for an abuse of discretion a bankruptcy court's award of sanctions. *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by denying Silva's motion for sanctions because Silva failed to establish that he suffered any injury by the alleged violation of the automatic stay. *See In re Mwangi*, 764 F.3d 1168, 1177 (9th Cir. 2014) (holding a movant must demonstrate actual injury when requesting sanctions under 11 U.S.C. § 362(k) based on a violation of the automatic bankruptcy stay); *see also Snowden v. Check Into Cash of Wash. Inc. (In re Snowden)*, 769 F.3d 651, 661 (9th Cir. 2014) (holding there is no sanctions remedy available under 11 U.S.C. § 105(a) when a remedy is already available under § 362(k)).

Silva failed to include in the record on appeal the transcript of the bankruptcy court's hearing wherein the court set forth the reasons for denying

Silva's motion to vacate. Due to this failure, we are unable to determine whether the bankruptcy court abused its discretion in denying the motion, and we thus affirm on this issue. *See* Fed. R. App. P. 10(b)(2) (if appellant intends to challenge a finding or conclusion as unsupported by the evidence, appellant must include in the record a transcript of all evidence relevant to that finding or conclusion); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169-70 (9th Cir. 1991) (dismissing appeal by pro se appellant for failure to provide relevant trial transcripts); *Portland Feminist Women's Health Center v. Advocates for Life, Inc.*, 877 F.2d 787, 789 (9th Cir. 1989) (declining to consider argument that district court erred due to failure to provide transcript of contempt hearing).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Silva's pending motions (Docket Entry Nos. 3, 30, and 39) are denied.

**AFFIRMED.**

21-60037