**Cornele A. OVERSTREET, Regional Director, for the Twenty-eighth Region of the National Labor Relations Board, for and on behalf of the National Labor Relation Board, Petitioner,**

v.

**THOMAS DAVIS MEDICAL CENTERS, P.C., and Its Parent Corporation and Owner, F.P.A. Medical Management, Inc., Respondent.**

No. CV 97–488–TUC–WDB.

United States District Court,
D. Arizona.

Oct. 3, 1997.

**1314**

Cornele A. Overstreet, Phoenix, AZ, Pro Se.

Robert J. Deeny, Gerard Morales, Gregg Jay Tucek, Snell & Wilmer, LLP., Phoenix, AZ, for Respondents.

Susan Joan Martin, Daniel Lee Bonnett, William Karl Hylen, Martin & Bonnett, PLLC., Phoenix, AZ, for Physicians and Dentists/AHPE.

### ORDER

WILLIAM D. BROWNING, District Judge.

Pending before the Court is Respondent's September 25, 1997, Motion for Stay Pending Appeal and Request for Expedited Ruling. For the following reasons the Court will deny the motion.

On September 24, 1997, this Court entered an Order Granting A Temporary Injunction and ordering Respondent to cease and desist from numerous unfair labor practices and to take certain affirmative actions. Respondent requests the Court to stay the injunctive order in its entirety or in the alternative to enter a partial stay of those provisions which require Respondent to restore the pre-December 5, 1996 terms and conditions of employment at its facilities.

### I. Standard For A Stay Pending Appeal

■ The district court has the discretion to suspend or modify an injunction pursuant to Fed.R.Civ.P. 62(c). The standard that guides trial courts on stay motions was set forth by the Supreme Court as follows: 1) whether the applicant has made a strong showing of likelihood of success on the merits; 2) whether the applicant will be irreparably injured unless a stay is granted; 3) whether the grant of a stay will substantially injure other interested parties; and 4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). Although the above criteria must be applied individually to the facts of each case, the court's decision must be made in light of all criteria. *Evans v. Buchanan*, 435 F.Supp. 832, 842 (D.Del. 1977).

### II. Likelihood of Success on Appeal

■ Courts have interpreted this first criterion as requiring that the movant show that "the appeal raises serious and difficult questions of law in an area where the law is somewhat unclear." *Mamula v. Satralloy, Inc.*, 578 F.Supp. 563, 580 (S.D.Ohio 1983). Respondent argues that this standard is met because the question of whether the National Labor Relations Board can apply its "no litigation" Rule, 29 C.F.R. § 102.67(f) to preclude a successor employer from presenting evidence has not been specifically addressed by the Ninth Circuit, and the Board's ruling in this case runs contrary to the decisions in at least two other Circuit Courts of Appeals. *Burns Elec. Sec. Servs., Inc. v. NLRB*, 624 F.2d 403 (2nd Cir.1980)and *N.L.R.B. v. Howard Johnson Co.*, 398 F.2d 435 (3rd cir.1968).

Contrary to Respondent's claims, there has been no change in the employing entity of

the bargaining unit physicians. Throughout the entire litigation TDMC has been the employing entity. FPA is merely the new owner of TDMC, which it acquired through a stock transfer. Additionally, FPA had actual knowledge of the NLRB proceedings.

Furthermore, Respondent's reliance on *Burns* and *Howard Johnson* is misplaced. In *Burns* the Court was concerned with the Board's procedural deficiencies because the Board had excluded relevant evidence in the representation proceeding and made inconsistent rulings in a prior case involving similar employees of the same employer. In this case, Respondent failed to introduce evidence supporting its position that the unit physicians supervised the TDMS support staff and withdrew this claim when the hearing officer requested evidence. Additionally, unlike *Burns,* there is no clear precedent that physicians similarly situated to the unit physicians are per se supervisors under the Act. In *Howard Johnson,* the court ruled that there had been no unjustifiable delay where the employer had attempted to litigate the supervisory issue in the post-election representation procedure. However, in this case Respondent purposefully withdrew the very claim that it now alleges makes the record deficient. Additionally, Respondent failed to present evidence in support of this claim until it filed its response to the General Counsel's motion to the Board for summary judgment in the "refusal to bargain" proceeding. The purpose of Section 102.67(f) is to prevent precisely this type of delay. Therefore, the Court finds that Respondent has failed to meet the first criterion for the issuance of a stay.

### III. Irreparable Injury

Respondent argues that it has satisfied the second criterion because it will incur significant expense and extensive changes to its methods of operation. The Court has considered all the arguments urged by Respondent. Respondent relies upon an affidavit, with no record evidence supporting these claims, as a bases for its assertions of financial consequences. In addition, all changes in its methods of operation were the result of Respondent's unfair labor practices and Re-

spondent still has the opportunity to bargain with the Union as to these terms and conditions. Thus, the Court concludes that Respondent has failed to prove that the concession of the 10(j) relief will cause Respondent irreparable damages.

### IV. Substantial Harm to Petitioner, Unit Physicians, the Union, and the Public.

This court has reconsidered the issue of irreparable harm to the unit physicians, the union, the collective bargaining process and the community and concludes that its original finding that the pervasive nature of the unfair labor practices caused irreparable injury and was harmful to the public interest applies with equal force to the question of a stay.

### V. Conclusion

For the foregoing reasons, this Court concludes that Respondent has failed to satisfy the standards for a stay pending appeal. To permit further delay before requiring compliance with the Court's order would undermine the intended purpose of § 10(j), which is to provide prompt interim relief for precisely these kinds of serious infractions of the Act. Accordingly, IT IS **ORDERED** that Respondent's September 25, 1997, Motion for Stay Pending Appeal and Request for Expedited Ruling is **DENIED**.