CANBY, Circuit Judge.
 

 The question that appellant Jose Cruz attempts to present by this appeal is whether it violated due process for the trial court in his civil case to consider against him his own affidavit that he appended to a motion and submitted to the court, when that affidavit was never admitted into evidence. In order to reach that question, however, we must decide a procedural threshold question that arises from our limited jurisdiction over appeals from the Supreme Court of the Commonwealth of the Northern Mariana Islands (“CNMI”). Our review of the decisions of that Court is confined to federal questions.
 
 See
 
 48 U.S.C. § 1824(a);
 
 Sonoda v. Cabrera,
 
 189 F.3d 1047, 1050 (9th Cir.1999). We conclude that we lack jurisdiction over this appeal because the decision of the Supreme Court of the CNMI rests on an adequate and independent ground of local (non-federal) law. We accordingly dismiss the appeal.
 

 Factual and Procedural Background
 

 Jesus Cruz filed a petition for letters of administration for the estate of his father, Vicente Cruz, who died intestate in 1943. This petition was filed in the Superior Court of the CNMI. Jesus Cruz’s brother, Jose, filed a motion to strike the petition. In an affidavit appended to the motion to
 
 *1100
 
 strike, Jose Cruz stated that, in 1939, Vicente Cruz gave Jose and his disabled brother, Juan, a piece of land in Saipan. This land was allegedly given to Jose and Juan as a place where Jose could live with and take care of Juan.
 

 Jesus then countered with a petition for a final decree awarding the disputed land to all of Vicente’s children per stirpes. The Superior Court then held a four-day evidentiary hearing.
 

 Jose testified that Vicente had distributed the land by a
 
 partida,
 
 a method of distributing land according to Chamorro custom. Jose testified that, on two occasions, Vicente called the members of the family together and indicated his intention to convey the land to Jose. The purpose, according to Jose’s testimony, was that he should acquire the land and there take care of his disabled brother Juan.
 

 Jesus testified that no
 
 partida
 
 ever took place. After the hearing concluded, the Superior Court issued a written decision finding. that the testimony of Jose was more credible than that of Jesus regarding whether a
 
 partida
 
 had taken place. The Superior Court also found, however, that the affidavit of Jose that had been appended to his motion, which said that Jose
 
 and
 
 Juan were given the land by
 
 partida,
 
 was more credible than Jose’s in-court testimony that the land went to Jose alone. The Court consequently awarded the land in equal parts to Jose and the heirs of Juan. Jose moved for reconsideration on the ground that it was improper to consider his affidavit when it had not been admitted in evidence, but the trial court denied the motion. Jose appealed to the Supreme Court of the CNMI.
 

 In the Supreme Court Jose contended, as he does here, that it violated due process for the trial court to rule on the basis of an affidavit that had never been admitted into evidence. He argued that he was deprived of an opportunity to explain the inconsistency between his affidavit and his testimony. The Supreme Court, with one Justice dissenting, rejected his argument and affirmed in an unpublished decision.
 
 In re Estate of Cruz,
 
 No. 98-021 (N. Mar. I. Jan. 25, 2000).
 

 The Supreme Court’s majority opinion indicated that the consideration of the affidavit without admitting it into evidence had been improper, but did not rule explicitly that it denied due process of law. It further held that the consideration of improper evidence would not be cause for reversal if other evidence adduced during the four-day hearing rendered the error harmless. The Supreme Court then stated:
 

 Here, since appellant Jose did not submit a transcript of the proceedings below, this Court has no way of knowing why and to what extent the trial court considered the issue of whether Juan would inherit any of the Puntan Song-song land, and what testimonial and documentary evidence the parties introduced at trial to support their respective positions.
 

 The Supreme Court further noted that one who seeks to overturn a judgment for lack of sufficient evidence to support it must make available to the Supreme Court a transcript of the trial proceedings. CNMI R.App. P. 10(b)(2). The Supreme Court then ruled:
 

 Since what little this Court has of the trial court proceedings suggests the parties thoroughly explored the issue of Juan’s right to the Puntan Songsong land, and since appellant Jose has not met his burden of proving otherwise, this Court must give due deference to the trial court’s finding.
 

 Jose Cruz now appeals the CNMI Supreme Court ruling, again arguing that the trial court’s consideration of the affidavit appended to the Motion to Strike deprived him of due process.
 

 
 *1101
 

 Discussion
 

 We have jurisdiction over final decisions of the CNMI Supreme Court “in all cases involving the Constitution, treaties or laws of the United States.” 48 U.S.C. § 1824(a). Therefore we have jurisdiction only to the extent that the CNMI Supreme Court decision implicated federal issues.
 
 Sonoda v. Cabrera,
 
 189 F.3d 1047, 1050 (9th Cir.1999).
 

 It is not enough to support our jurisdiction, however, that a federal issue appear somewhere in the case. Our jurisdiction over appeals from the CNMI Supreme Court “is similar to the U.S. Supreme Court’s jurisdiction over the decisions of the highest state courts.”
 
 Santos v. Nansay Micronesia, Inc.,
 
 76 F.3d 299, 301 (9th Cir.1996);
 
 see also CNMI v. Bowie,
 
 236 F.3d 1083, 1084 (9th Cir.2001). The Supreme Court has no jurisdiction to decide a federal question upon review of a decision of a state supreme court when the state court’s decision rests on an adequate and independent state ground.
 
 Herb v. Pitcairn,
 
 324 U.S. 117, 125-26, 65 S.Ct. 459, 89 L.Ed. 789 (1945). The reason is that review of the federal issue could do nothing to change the judgment, and the Supreme Court’s decision on federal law would be an advisory opinion, which it lacks jurisdiction to issue.
 
 See id.
 
 For the same reason, we may not review a federal question in an appeal from the CNMI Supreme Court if that Court’s judgment rests on an adequate and independent local-law (non-federal) ground.
 

 The decision of the CNMI Supreme Court in the present case did not rest'on a federal ground, but on the application of a local rule of procedure. We therefore have no jurisdiction to review the judgment if the Supreme Court’s local-law ground was independent and adequate.
 

 The local-law ruling of the CNMI Supreme Court in this case was independent of the federal issue. Indeed, that independence is apparent because the Supreme Court affirmed on local-law grounds
 
 despite
 
 the fact that it found “unpersuasive” the argument that it was entirely proper to consider the affidavit without admitting it into evidence. The essence of its ruling was that one error does not mandate a reversal and, because Jose was ultimately attacking a finding of the trial court, it was incumbent upon him, under Rule 10(b) of the CNMI Rules of Appellate Procedure, to provide a transcript that would enable the Supreme Court to determine whether the error was harmless. Thus, if we were to rule that consideration of the affidavit violated due process, the CNMI Supreme Court would still be unable to determine whether the violation was harmless, and its judgment would still stand. The independence of its ground would make our federal law ruling advisory, and we have no jurisdiction to issue advisory opinions.
 
 See Herb,
 
 324 U.S. at 125-26, 65 S.Ct. 459.
 

 We further conclude that, in addition to being independent, the local-law ground upon which the CNMI Supreme Court relied was adequate. In the CNMI context, we have stated the adequacy requirement in the form of “tenability”: we will not permit an “untenable” decision of CNMI local law to “violate or frustrate an appellant’s federal rights.”
 
 Diamond Hotel Co. v. Matsunaga,
 
 99 F.3d 296, 298 (9th Cir.1996);
 
 see also Castro v. Hotel Nikko Saipan, Inc.,
 
 96 F.3d 1259, 1261 (9th Cir.1996). We conclude that the local-law ground of decision in this case was not “untenable.”
 

 Rule 10(b)(2) of the CNMI Rules of Appellate Procedure, which requires an appellant who attacks a finding of the trial court to submit a transcript, is neither unusual nor surprising. The same requirement is found in Rule 10(b)(2) of the Federal Rules of Appellate Procedure,
 
 *1102
 
 from which the CNMI rule unquestionably was copied. We have dismissed appeals for failure to submit a trial transcript as required by the federal rule.
 
 See, e.g., Syncom Capital Corp. v. Wade,
 
 924 F.2d 167, 169 (9th Cir.1991) (“[B]oth of [appellant’s] main contentions on appeal depend for their resolution on an examination of the facts elicited at trial. Because we lack a transcript detailing what these facts might be, we are not in a position to review this appeal.”);
 
 Thomas v. Computax Corp.,
 
 631 F.2d 139, 141 (9th Cir.1980). That the CNMI Supreme Court chose to affirm on the ground that the error was harmless, instead of dismissing the appeal, does not affect the adequacy or independence of its local-law ground. Indeed, we have noted that failure to abide by Fed. R.App. P. 10(b)(2) does not automatically invalidate an appeal, but that noncompliance “may serve as the basis for ‘such action as the Court of Appeals deems appropriate.’ ”
 
 Thomas,
 
 631 F.2d at 141 (quoting Fed. R.App. P. 3(a)). We also note that the harmless error rule is more easily invoked in civil than in criminal cases.
 
 See Mockler v. Multnomah County,
 
 140 F.3d 808, 813 (9th Cir.1998).
 

 In sum, we conclude that the local-law ground upon which the CNMI Supreme Court rested its decision in this case is both independent and adequate (“tenable”). Nor could the decision have come as an unfair surprise,
 
 see CNMI v. Lizama,
 
 27 F.3d 444, 450 (9th Cir.1994), in light of the CNMI rule, its similarity to the federal rule, and our precedent applying the federal rule. Because the judgment of the CNMI Supreme Court rests on an adequate and independent local-law ground, we lack jurisdiction to review it.
 

 APPEAL DISMISSED.