An appropriate partial judgment will accompany this memorandum and order.

UNITED STATES of America,
Petitioner,

v.

Samuel D. MILLIGAN, as President
of Econometric Consultants,
Inc., Respondent.

No. MC 04–004–TUC–CKJ.

United States District Court,
D. Arizona.

May 4, 2004.

Keith S. Blair, U.S. Dept of Justice, Washington, DC, for Plaintiff.

Donald W. MacPherson, Esq, The Mac-Pherson Group PC, Glendale, AZ, for Defendant.

## ORDER

JORGENSON, District Judge.

On March 17, 2004, this Court issued an Amended Order to Show Cause why Respondent should not be compelled to comply with an Internal Revenue Service subpoena. For the following reasons, the Court finds that enforcement of the Internal Revenue Service subpoena is appropriate.

*Background*

On September 15, 2003, a subpoena was issued by the Internal Revenue Service ("IRS") to Samuel D. Milligan ("Milligan") as President of Econometric Consultants, Inc., directing him to appear to give testimony and produce for examination certain books, papers, records, or other data as described in the summons. Milligan appeared but did not produce the documents described in the summons.

The government has requested the Court to "enforce obedience to the requirements of the summons [issued to Milligan] and to punish [Milligan] for his default or disobedience." 26 U.S.C. § 7604(b). On April 27, 2004, a hearing was held in this matter.

*Enforcement of a Summons*

In order to obtain enforcement of a summons, the IRS must establish that the summons (1) is issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information that is not already within the IRS' possession, and (4) satisfies the administrative steps required by the United States Code. *United States v. Powell,* 379 U.S. 48, 57–58, 85

S.Ct. 248, 13 L.Ed.2d 112 (1964). This burden is a slight one that may be met "merely be presenting the sworn affidavit of the agent who issued the summons attesting to these facts." *La Mura v. United States,* 765 F.2d 974, 979 (11th Cir. 1985); *see also United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir.1993).

█ Once the IRS establishes a prima facie case for enforcement of its summons under *Powell,* the burden shifts to the taxpayer. The taxpayer may challenge the summons on any appropriate ground, including the failure to meet the *Powell* requirements. *Lidas, Inc. v. United States,* 238 F.3d 1076 (9th Cir.2001), *citing Powell.* The taxpayer bears a "heavy burden" to rebut the presumption of good faith. *Id.,citing United States v. Jose,* 131 F.3d 1325, 1328 (9th Cir.1997) (en banc).

At the hearing, Milligan acknowledged that the *Powell* requirements have been met. Milligan asserted, however, that the government is required to specifically demonstrate some knowledge of the records' existence prior to requiring the taxpayer to respond to a summons for those records pursuant to *United States v. Hubbell,* 530 U.S. 27, 120 S.Ct. 2037, 147 L.Ed.2d 24 (2000). In *Hubbell,* documents (which were the source of information from which a subsequent criminal prosecution was initiated) were produced pursuant to a grant of immunity. Not only did the prosecution of Hubbell violate Hubbell's use immunity, but the United States Supreme Court distinguished the facts of that case with the typical situation where "implicitly admitting the existence and possession of the papers" does not rise to the "level of testimony within the protection of the Fifth Amendment." *Hubbell,* 530 U.S. at 44, 120 S.Ct. at 2047–48, *quoting Fisher v. United States,* 425 U.S. 391, 411, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Milligan has provided no authority that *Hubbell* exception should be applied to the

collective entity doctrine. The Court finds the government has made a sufficient showing for production of the documents.

*Fifth Amendment Privilege*

Milligan asserts that the officers of the corporation are husband and wife—because of the marital privilege, the corporation is, in effect, a one-person corporation and, therefore, should not be subject to a subpoena pursuant to *Braswell v. United States,* 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) and *Bellis v. United States,* 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). In *Braswell,* the United States Supreme Court held that a corporate custodian may not resist producing corporate documents on the ground that it would violate his or her Fifth Amendment right against self-incrimination. *Braswell,* 487 U.S. at 104–118, 108 S.Ct. 2284. The Court also stated: "We leave open the question of whether the agency rationale supports compelling a custodian to produce corporate records where the custodian is able to establish by showing, for example, that he is the sole employee and officer of the corporation, that the jury will inevitably conclude that he produced the records." *Id.,* 487 U.S. at 118 n. 11, 108 S.Ct. at 2295. Moreover, the United States Supreme Court has recognized that a pre-existing relationship of confidentiality may affect invocation of the Fifth Amendment privilege. *Bellis,* 417 U.S. at 101, 94 S.Ct. at 2189.

The government points out that *Braswell* involved a sole shareholder that was required to produce corporate documents because other persons were associated with the corporation. The question, therefore, is whether there is anyone else associated with the corporation that may produce the documents. The government asserts that because there is another board member and director (the wife), a future jury will not know who produced

the documents and, therefore, the act of production does not incriminate Milligan.

The government further points out that no court has applied the possible *Braswell* exception. The government, however, does not address how the marital privilege affects a possible *Braswell* exception. The privilege of a witness is to be governed by state law. Rule 501, Fed.R.Evid. Arizona law regarding the marital privilege provides that a wife shall not be examined as a witness "for or against her husband without his consent, as to events occurring during the marriage, nor ... as to any communication made by one to the other during the marriage." A.R.S. § 13–4062.1. Unlike the anti-marital fact privilege, "which allows one spouse to prevent the other from testifying," the marital communications privilege, which "protects confidential communications made between spouses while they are married[,]" survives the marriage. *State v. Harrod* 200 Ariz. 309, 315, 26 P.3d 492, 498 (2001), vacated on other grounds.

■ The Supreme Court of Arizona has "expressly declined to extend the privilege from confidential verbal communications to acts, ruling that a spouse may not testify about the former, but may testify about the latter." *Id.* In this case, the selection and identification of the documents would not constitute confidential communications. A possible future jury, therefore, could conclude that Milligan's wife had provided the documents without the wife violating the marital privilege. The Court finds Milligan is not entitled to assert a Fifth Amendment privilege pursuant to the possible *Braswell* exception.

*Testimony*

■ Milligan has also requested the Court to determine whether he is required to testify pursuant to the summons. The United States Supreme Court has held that a custodian must provide testimony to identify and authenticate the documents produced by the custodian. *Braswell*, 487 U.S. at 114, 108 S.Ct. 2284, *citing Curcio v. United States*, 354 U.S. 118, 125, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957). Milligan points out that he did answer some questions when he asserted his Fifth Amendment privilege—he did not invoke a blanket Fifth Amendment privilege. Indeed, the appropriate manner in which to assert a Fifth Amendment privilege is to comply with the summons and assert the privilege on a question-by-question basis. *United States v. Drollinger*, 80 F.3d 389, 392 (9th Cir.1996). The Court finds Milligan is required to provide testimony to identify and authenticate the documents he produces as custodian of the corporate records.

*S Corporation*

■ Milligan asserts in his Supplemental Response that, because the corporation at issue is an S Corporation, which is a "flow-through/conduit" with respect to individuals, the S Corporation should receive personal treatment for purposes of the Fifth Amendment. However, the United States Supreme Court has consistently held that the privilege against self-incrimination should be limited "to its historic function of protecting only the natural individual." *Bellis*, 417 U.S. at 89–90, 94 S.Ct. at 2184, *quoting United States v. White*, 322 U.S. 694, 701, 64 S.Ct. 1248, 1252, 88 L.Ed. 1542 (1944). Milligan has not presented any authority to extend the Fifth Amendment privilege to an S Corporation. The Court finds Milligan is not entitled to assert a Fifth Amendment privilege merely because the corporation at issue is an S Corporation.

*In Camera Hearing*

Milligan has also requested an *in camera* hearing. However, Milligan does not

state on what basis an *in camera* hearing is appropriate. For example, he has not presented any statutory authority that his response to the order to show cause is appropriate in an *in camera* hearing. Moreover, he has not asserted that the documents are personal rather than corporate documents. Although an *in camera* review was appropriate in *United States v. Wujkowski*, 929 F.2d 981 (4th Cir.1991) (*in camera* review appropriate to determine if the documents were personal in nature), Milligan has not presented any basis for this Court to determine that an *in camera* review is appropriate in this case.

### Selection and Production of Documents

Milligan also requests the Court to find that any act of selection and production of documents cannot be used against him. The government asserts that, because it is not attempting to use the selection and production of documents against him at this time, it is not an issue in this case. *Braswell* does prohibit "the revelation of [Milligan's] 'individual act' of selecting and producing the records being used against him." *United States v. Medlin*, 986 F.2d 463, 468 (11th Cir.1993), *citing Braswell.* However, the Court finds it is not appropriate to issue an advisory opinion. *See e.g., In re Estate of Cruz*, 279 F.3d 1098, 1101 (9th Cir.2002).

### Alternate Custodian of Records

Citing *United States v. Barth*, 745 F.2d 184 (2nd Cir.1984), *cert. denied* 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985), Milligan also requests the Court appoint an individual other than himself to go into the corporation and produce the records. Although *Barth* does not support Milligan's request that the Court appoint someone (seemingly from outside of the corporation) to produce the records, *Barth*

does recognize that a corporation may designate an employee who is knowledgeable about the records to be the custodian of records. Milligan, however, has not designated an alternate custodian of records. Milligan's request for the Court to designate an alternate custodian of records will be denied.

### Stay Pending Appeal

 Milligan has also requested the Court to grant a stay to allow him to appeal any adverse ruling. Alternatively, Milligan has requested a limited stay to provide him an opportunity to request a stay from the Ninth Circuit. In the Ninth Circuit, the standard for evaluating whether a stay pending appeal should be issued is similar to whether a preliminary injunction should be issued. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983). This involves considering the probability of success on the merits, the possibility of irreparable injury, whether serious legal questions are raised, the balance of hardships and the public interest. *Id.; see also Overstreet v. Thomas Davis Medical Centers, P.C.*, 978 F.Supp. 1313 (D.Ariz.1997).

Milligan asserts that he would he irreparably injured by a violation of his fundamental constitutional rights. He further asserts that he has demonstrated a reasonable probability of success on the merits as to the *Braswell* issue.[1] The government asserts that a stay is not appropriate because Milligan would have little chance of prevailing on appeal and Milligan would not be irreparably injured because the enforcement of the summons does not constitute a ruling on the admissibility of the documents. The government asserts that it will suffer harm if a stay is granted because "taxes are the life-blood of government, and their prompt and certain avail-

---

1. At argument, Milligan asserted that the *Hubbell* argument was the most likely to succeed.

ability an imperious need." *Bull v. United States,* 295 U.S. 247, 259, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).

The Court finds that Milligan has not demonstrated a reasonable probability of success on the merits. Moreover, the Court does not find that Milligan will be irreparably injured. The Court finds it is not appropriate to issue a stay in this matter.

Accordingly, IT IS ORDERED:

1. Milligan, as President of Econometric Consultants, Inc., shall fully comply with and obey the September 15, 2003, summons by producing the requested documents and testifying as to the identity and authenticity of the documents;

2. Milligan shall provide the documents to Revenue Agent Richard Van Riper, or any other proper officer or employee of the IRS, on or before May 31, 2004;

3. Milligan shall provide testimony as to the identity and authenticity of the documents at a time and place designated by Revenue Agent Richard Van Riper, or any other proper officer or employee of the IRS;

4. Milligan's request for an *in camera* hearing is DENIED;

5. Milligan's request for the Court to appoint an alternate custodian of records is DENIED, and;

6. Milligan's request for a stay pending appeal is DENIED.